

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

```
------------------------------ x
DATATREASURY CORP.              :
                                :
              Plaintiff,        :   No. 2-04CV-85
         v.                     :
                                :   MOTION TO DISMISS FOR
SMALL VALUE PAYMENTS            :   IMPROPER VENUE
COMPANY (SVPCo)                 :
                                :
              Defendant.        :
------------------------------ x
```

### DEFENDANT SMALL VALUE PAYMENTS COMPANY'S MOTION TO DISMISS FOR IMPROPER VENUE

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, defendant Small Value Payments Company L.L.C. ("SVPCo") respectfully submits this motion to dismiss for improper venue.

### I.
### FACTUAL BACKGROUND

This is a patent infringement case in which plaintiff DataTreasury Corp. asserts that SVPCo infringes U.S. Patent Nos. 6,032,137 and 5,910,988. The patents deal with remote image capture with centralized processing and storage.

Defendant SVPCo, through its subsidiary Electronic Clearing Services L.L.C., provides an electronic service for expediting bank check clearing called "Electronic Check Presentment" or "ECP." DataTreasury's complaint against SVPCo is that it is offering "electronic clearing and point-of-sale check-to-debit services" that allegedly infringe both patents. (DataTreasury's Complaint for Patent Infringement, filed March 2, 2004, at ¶ 8.)

Datatreasury Corporation v. Small Value Payments Company    Doc. 2

Dockets.Justia.com

SVPCo asks the Court to dismiss this case because of improper venue, for the reasons set forth below.

## II.
## LEGAL STANDARDS

Fed. R. Civ. P. 12(b) allows a defendant to move for dismissal based on improper venue. Venue in this case is predicated on the patent venue statute, 28 U.S.C. § 1400, which permits venue, among other options, anywhere a defendant "resides." The residence of a corporate defendant such as SVPCo in patent infringement actions is to be analyzed under the general venue provisions of 28 U.S.C. § 1391(c). *V.E. Holdings Corp.* v. *Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583-84 (Fed. Cir. 1990). Venue requirements exist for the benefit of defendants. *Id.* at 1576. Accordingly, an assertion of venue based on where a corporate defendant "resides" as that term is defined in § 1391(c) requires a determination by the Court of whether the defendant "would be subject to personal jurisdiction in the Eastern District of Texas, were the Eastern District a separate state." *Langton* v. *CBeyond Communication, L.L.C.*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003); *see also In re Mini Micro Stencil, Inc.*, 232 F.3d 905, 905 (Fed. Cir. 2000) (unpublished) ("corporate defendant resides in a multidistrict state in which, at the time the action is commenced, it would be subject to personal jurisdiction if that district were a separate state.").

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process." *3d Sys., Inc.* v. *Aarotech Labs, Inc.*, 160 F.3d 1373, 1376 (Fed. Cir. 1998). Texas' long-arm statute is coextensive with the United States Constitution.

*Alpine View Co. Ltd.* v. *Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000). Thus, this Court determines whether or not exercising personal jurisdiction over SVPCo comports with federal due process. *3d Sys., Inc.*, 160 F.3d at 1377.

This Court must first determine whether SVPCo has sufficient minimum contacts with this District. *Int'l Shoe Co.* v. *Washington*, 326 U.S. 310, 316 (1945); *Wilson* v. *Belin*, 20 F.3d 644, 647 (5th Cir. 1994). Sufficient minimum contacts can give rise to either specific or general jurisdiction. *Revel* v. *Lidov*, 317 F.3d 467, 470 (5th Cir. 2002). Specific jurisdiction arises when the defendant's contacts with the forum arise from, or are directly related to, the cause of action. *Id.* A "single act" is insufficient to support specific jurisdiction unless the act creates a "substantial connection" with the forum. *Burger King* v. *Rudzewicz*, 471 U.S. 462, 476 n.18 (1985) ("some single or occasional acts" related to the forum may not be sufficient to establish jurisdiction if "their nature and quality and the circumstances of their commission" create only an "attenuated" affiliation with the forum); *Dalton* v. *R&W Marine, Inc.*, 897 F.2d 1259, 1361 (5th Cir. 1990) ("[e]ven a single, <u>substantial</u> act directed toward the forum can support specific jurisdiction") (emphasis added).

General jurisdiction, on the other hand, exists when a defendant's contacts with the forum state are unrelated to the cause of action but are "continuous and systematic." *Id.* The Fifth Circuit has made clear that general jurisdiction requires contacts of a "more extensive quality and nature" than those required for specific jurisdiction. *Dalton* v. *R&W Marine, Inc.*, 897 F.2d 1359, 1362 (5th Cir. 1990).

If a court determines that there is personal jurisdiction over a defendant, the court must then decide whether the exercise of jurisdiction would offend "traditional

notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. The factors relevant for the Court's consideration are (1) the burden on the defendant, (2) the interest of the forum state in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the efficient resolution of controversies between the states, and (5) the shared interest of the states in furthering fundamental substantive social policies. *Asahi Metal Indus.* v. *Superior Court*, 480 U.S. 102, 113 (1987).

If there is no personal jurisdiction in this District then venue is improper here and this case must be dismissed. *Datamize, Inc.* v. *Instinet Corp.*, Civ. No. 2:03-CV-321-DF (E.D. Tex.) Order dated May 20, 2004 (Exhibit B)

### III.
### DISCUSSION

#### A.  Defendant SVPCo

Defendant SVPCo is a Delaware limited liability company with its principal place of business in New York, New York and offices in Weehawken, New Jersey. (Long Affidavit ¶1). SVPCo also has no offices or employees in the State of Texas, is not licensed to do business in and does not do business in the State of Texas. (Long Affidavit ¶2). Since 1998, SVPCo has provided an electronic service for expediting bank check clearing called Electronic Check Presentment ("ECP"), now offered through a subsidiary named Electronic Clearing Services L.L.C. (Long Affidavit ¶3). The ECP service currently is used by 26 banks and the Federal Reserve System. *Id.* It permits banks to exchange check payment information electronically but does not involve the exchange of images – the subject of the patents in suit in this action. *Id.* Each bank using the ECP service does so from one or more ECP facilities. (Long

Affidavit ¶4). None of the banks that use or have used the ECP service have done so from any such facility in this District. (Long Affidavit ¶4).

Moreover, SVPCo has never operated a point-of-sale check authorization service. Until August 2003 an SVPCo representative served on the Board of Directors of an entity called SafeCheck LLC, which did offer point-of-sale check authorization services. However, SVPCo never held any equity interest in SafeCheck LLC. In addition, SafeCheck LLC's assets were sold to VISA U.S.A. Inc. on July 1, 2003, long before the filing of the present complaint. In any event, SafeCheck's services did not involve the exchange of images. (Long Aff. ¶5).

Finally, SVPCo maintains a publicly accessible Internet website that provides information about its services, but such services are not available through the wesbsite. (Long Aff. ¶6).

**B.     SVPCo's Contacts with the Eastern District of Texas**

DataTreasury has not pointed to any contact between SVPCo and this District, nor can it do so. SVPCo is not licensed to do business in Texas and does not maintain any offices or employees in this District. In addition, none of the banks which use or have used the ECP system have done so in this District. Individuals do not use the ECP system. While SVPCo maintains a publicly accessible Internet website that provides information about its services, including the ECP service, unlike many other companies its services are not available through use at that website.

As noted above, SVPCo has never provided point-of-sale check authorization services.

There can be no specific jurisdiction over SVPCo because plaintiff's cause of action does not arise from or directly relate to any SVPCo activities within the District. To the best of SVPCo's knowledge, no bank uses or has used the ECP system in this District; and in any event, the ECP system does not infringe DataTreasury's patents because it does not involve the exchange of images. *Revell*, 317 F.3d at 470. Thus, the propriety of this venue for DataTreasury's action against SVPCo should be evaluated against the "general" personal jurisdiction standard.

As noted above, general jurisdiction requires "continuous and systematic" activities within the forum state, a standard that is higher than that for specific jurisdiction. *See Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361-62 (5th Cir. 1990). As set forth above, SVPCo has no contacts with this District. While SVPCo does have a public Internet site, the site is passive, displays a low level of interactivity and is not used to do any of the complained activities. This plainly weighs against the exercise of personal jurisdiction under the "sliding scale" test adopted by the Fifth Circuit, as well as numerous other courts. *See R&B Falcon Drilling, Inc. v. Noble Denton Group*, 91 Fed.Appx. 317, 321 (5th Cir. Jan. 5, 2004) ("[T]he maintenance of a passive website for advertising purposes does not subject a foreign company to a forum's jurisdiction absent additional contacts."); *Revell*, 317 F.3d at 470; *Mink v. AAAA Div. LLC*, 190 F.3d 333-337 (5th Cir. 1999) (holding that a website that is nothing more than a "passive advertisement," i.e., a website that provides product information, toll-free telephone numbers, email addresses, mail addresses, and mail-in forms, does not support support the exercise of personal jurisdiction); *Datamize, Inc.*, Exhibit B, Order at 15, 16.

Even if this Court were to find that SVPCo had sufficient related or unrelated contacts with this forum, the "fair play" standard required to exercise jurisdiction over SVPCo would not be met in this instance. *Asahi*, 480 U.S. at 113; *Wilson*, 20 F.3d at 647. *See also International Shoe*, 326 U.S. at 316. More particularly, the interests of the forum district in adjudicating this dispute are minor when weighed against the interests of other jurisdictions. DataTreasury is also not located in this District in any meaningful sense. DataTreasury is a Delaware Corporation with its principal place of business in New York.

Thus, for the reasons set forth, the exercise of jurisdiction over SVPCo would not be appropriate in this case, and correspondingly, venue in this District for DataTreasury's claims against SVPCo is not proper.

## IV.
## CONCLUSION

For the reasons set forth above, venue is not proper in this District. This action should be dismissed.

Dated: June 1, 2004

*[signature]*
Preston W. McGee
Flowers Davis, P.L.L.C.
1021 ESE Loop 323
Suite 200
Tyler, Texas 75701
(903) 534-8063

Of Counsel:
James H. Carter
James T. Williams
Heather E. Abelson
SULLIVAN & CROMWELL LLP

125 Broad Street
New York, New York 10004
(212) 558-4000

Lawrence F. Scinto
Ronald A. Clayton
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112-3801
(212) 218-2254

*Attorneys for Defendant and Counterclaimant Small Value Payments Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss for Improper Venue has been served on all counsel of record by certified mail, return receipt requested on this the \_1\_ day of June, 2004.

_____
Preston W. McGee

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

------------------------------------------------- X
DATATREASURY CORP.,                              :
                                                 :
                    Plaintiff,                   :   DOCKET NO. 2-04 CIV-85
                                                 :
         v.                                      :
                                                 :
SMALL VALUE PAYMENTS                             :   AFFIDAVIT
COMPANY (SVPCo),                                 :
                                                 :
                    Defendant.                   :
------------------------------------------------- X

STATE OF NEW JERSEY   )
                      :ss.
COUNTY OF HUDSON      )

SUSAN E. LONG, being duly sworn, deposes and says:

1. I am Senior Vice President of The Small Value Payments Company L.L.C. ("SVPCo"), a limited liability company organized under the laws of the State of Delaware. SVPCo maintains places of business in New York, New York, and Weehawken, New Jersey.

2. SVPCo has no offices or employees in the State of Texas, is not licensed to do business in and does not do business in the State of Texas.

3. Since 1998 SVPCo has provided an electronic service, now available through its subsidiary Electronic Clearing Services L.L.C., for expediting bank check clearing. The service, called Electronic Check Presentment ("ECP"), currently is used by 26 banks and the Federal Reserve System. The ECP system permits banks to

exchange check payment information electronically but does not involve the exchange of images, which I am informed is the subject of the patents in suit in this action.

4.   Banks, not individuals, use the ECP service. Each bank using the ECP service does so from one or more ECP facilities. To the best of my knowledge, none of the banks that use or in the past have used the ECP service do so or have done so in the Eastern District of Texas.

5.   SVPCo has never operated a point-of-sale check authorization service. Until August 2003 an SVPCo representative served on the Board of Directors of an entity called SafeCheck LLC, which did offer point-of-sale check authorization services. However, SVPCo never held any equity interest in SafeCheck LLC. The assets of SafeCheck LLC were sold to VISA U.S.A. Inc. on July 1, 2003. Further, this service did not involve the exchange of check images.

6.   SVPCo maintains a publicly accessible Internet website that provides information about its services including the ECP service. However, such services are not available through that website.

*Susan E. Long*
Susan E. Long

Sworn to before me this
1st day of June, 2004

*Notary Public*

IRMA GAITAN-BARRIENTOS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires May 21, 2007

-2-