IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT

04 JUN 16  PM 1:57

TX EASTERN-MARSHALL

BY_____

| | | |
|---|---|---|
| **DATATREASURY CORPORATION,**<br>**Plaintiff,** | §<br>§<br>§<br>§ | |
| **v.** | §<br>§ | **Civil Action No.**<br>**2-04CV-85** |
| **SMALL VALUE PAYMENTS**<br>**COMPANY (SVPCo)** | §<br>§<br>§ | **RESPONSE TO MOTION TO**<br>**DISMISS FOR IMPROPER**<br>**VENUE** |
| **Defendant** | §<br>§ | |

## DATATREASURY'S RESPONSE TO SVPCo'S
## MOTION TO DISMISS FOR IMPROPER VENUE

Plaintiff, DataTreasury Corporation ("DataTreasury"), submits this Response to Defendant Small Value Payments Company ("SVPCo")'s Motion to Dismiss for Improper Venue, and would respectfully show the Court as follows:

## INTRODUCTION

DataTreasury filed this patent infringement case alleging that SVPCo is and has been infringing U.S. Patent Nos. 5,910,988 and 6,032,137, DataTreasury's patents on a system of remote image capture with centralized processing and storage. SVPCo is a consortium owned by over twenty of the largest financial institutions in the world. In addition to its Electronic Clearing Services and Electronic Payments Networks, SVPCo offers a national check image exchange service, allowing all of its member institutions to realize the benefits of image exchange in the check clearing process. SVPCo operates through several subsidiaries, including Electronic Clearing Services (ECS) and Electronic Payments Network. ECS is a private sector provider of check electronification services to U.S. financial institutions. Contrary to its assertions through affidavit, SVPCo engages

Dockets.Justia.com

in its business on a nationwide level, including in the Eastern District of Texas, by exchanging images and facilitating electronic payments for banks within the Eastern District. SVPCo's self-described mission is to electronify the check as early as possible once it enters the payment system. Unfortunately for SVPCo, as it seeks to accomplish this mission, it also infringes upon the valid United States patents held by DataTreasury.

SVPCo has filed the instant Motion under F.R.C.P. 12(b)(3), alleging that all claims against it should be dismissed based on alleged improper venue. In support of its argument to dismiss this entire case, SVPCo relies on one and only one document – a two page, self-serving, six-paragraph affidavit signed by Susan Long, the Senior Vice President of SVPCo. *See Defendant's Motion to Dismiss and attached Affidavit, previously filed.* For the reasons set forth below, venue in the Eastern District of Texas is proper, and Defendant's Motion should be denied.

## ARGUMENT

In Texas federal court, once a defendant files a Motion to Dismiss based on allegedly improper venue under F.R.C.P. 12(b)(3), the burden of sustaining venue rests with the plaintiff. *See McCaskey v. Continental Airlines Inc.,* 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001); *Bingham v. Envirocare of Utah, Inc.,* 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000). The Court is to accept uncontroverted facts contained in the Plaintiff's pleadings as true. *Laserdynamics Inc. v. Acer America Corp.,* 209 F.R.D. 388, 390 (S.D. Tex. 2002); *McCaskey,* 133 F. Supp. 2d at 523. Furthermore, the Court is to "resolve any conflicts in the parties' documents and affidavits in the Plaintiff's favor." *Laserdynamics,* 209 F.R.D. at 390; *McCaskey,* 133 F. Supp. 2d at 523. "While a

defendant need not affirmatively disprove all bases for a plaintiff's choice of venue, courts will provide the plaintiff the benefit of the doubt in ascertaining the controlling facts." *Id.* Against this legal standard, it is clear that SVPCo's Motion to Dismiss should be denied.

First, SVPCo has failed to controvert each specific fact giving rise to proper venue that was pled by Plaintiff – thus, the Court is to accept these uncontroverted facts as true. For example, DataTreasury pleads in its Complaint that

> "[p]ersonal jurisdiction also exists specifically over SVPCo because of SVPCo's conduct in making, using, selling, offering to sell, and/or importing, directly, contributorily, and/or by inducement, infringing products and services within the State of Texas and within this district, in particular for JP Morgan Chase, an infringing Defendant in the United States District Court for the Eastern District of Texas."

*See Complaint for Patent Infringement, previously filed.* Defendant SVPCo has failed to controvert these specific facts, which create proper venue under 28 U.S.C. § 1391 and 28 U.S.C. § 1400. The only pertinent response SVPCo could muster in its supporting affidavit was that "SVPCo has no offices or employees in the State of Texas, and is not licensed to do business in and does not do business in the State of Texas." *See Susan Long affidavit, filed with Defendant's Motion.* Clearly, Plaintiff has alleged numerous specific facts which SVPCo does not controvert with this single sentence in its conclusory, self-serving, two-page affidavit. Because SVPCo has not controverted all the specific facts plead by DataTreasury that give rise to venue in the Eastern District of Texas, the Court should accept DataTreasury's allegations as true. *See Laserdynamics and McCaskey, supra.* Thus, Defendant's Motion should be denied.

However, even if the Court finds that SVPCo's mere six-paragraph affidavit does controvert all venue facts pled by DataTreasury, Plaintiff can disprove numerous

3

allegations from SVPCo's affidavit. For example, SVPCo contends in its affidavit that it does not do business in the State of Texas. However, Susan Long – the SVPCO Vice President who signed this affidavit – made completely opposite representations during a public conference on March 1-3, 2004. *See the Affidavit of Ms. L. Whitehead, attached as Exhibit 1, and the subsequent powerpoint slides attached as Exhibit 2.* The slides attached as Exhibit 2 are from a powerpoint Ms. Long herself recently presented. As shown in the attached slides, at that public presentation SVPCo represented itself as: 1) "a national payment system, open to all Financial Institutions"; 2) "an ECP partner [with the] Federal Reserve"; 3) a company with "unmatched reach: unlimited # of clearing points"; and 4) with a "Goal: Reach 100% of Financial Institutions in U.S. and Canada." *See Exhibit 2.* Ms. Long presented these slides to the industry as SVPCo represented itself to be a nationwide company, intent on doing business with every bank in the United States. DataTreasury would request that the Court take judicial notice that there are numerous banks in the Eastern District of Texas, and also that the Federal Reserve does business in Texas. These facts alone, presented by this affiant in a public forum, completely undercut the credibility of Ms. Long's affidavit and her conclusory statements that SVPCo "does not do business in the State of Texas."

For further proof of SVPCo's involvement in business in the State of Texas, DataTreasury would point to the numerous graphs and models depicted in *Exhibit 2.* Taken as a whole, this public presentation shows that SVPCo markets itself as a national company – not a company that "does not do business in the State of Texas." *Exhibit 2* also conclusively shows that SVPCo performs infringing activities with J.P. Morgan Chase Bank, an institution that is subject to jurisdiction and venue in the Eastern District

4

of Texas, a Defendant in a similarly filed action before the same Federal Judge, David Folsom, and Federal Magistrate Judge, Caroline Craven. *See file; Data Treasury Corp., v. J.P. Morgan Chase, et al.,* Civil Action No. 5:02-CV-0124, Judge David Folsom Presiding. With this partnership alone, it is incredulous to think that Ms. Long's brief, unsupported allegations in her affidavit could be used to defeat the proper basis of venue plead and now proven by DataTreasury. Because the affidavit attached as *Exhibit 1* and the documents attached as *Exhibit 2* create conflicts between the parties' alleged facts, the Court should "resolve any conflicts in the parties' documents and affidavits in the Plaintiff's favor." *See Laserdynamics*, 209 F.R.D. at 390. Thus, SVPCo's Motion should be denied.

Finally, Defendant SVPCo devotes a majority of its Motion to the legal standards regarding a defendant's residence, the exercise of personal jurisdiction over a defendant, and the constitutional due process requirements of minimum contacts, fair play, and substantial justice. As a general rule, Plaintiff agrees with and adopts this discussion of the law. However, SVPCo then argues that its service "permits banks to exchange check payment information electronically but does not involve the exchange of images – the subject of the patents in suit in this action." *See Defendant's Motion, pg. 4.* However, the public presentation given by Ms. Long belies this position. SVPCo's own documents state that "the largest national multilateral image exchange network begins 2004." *See Exhibit 2.* Its goal to "Reach 100% of Financial Institutions in U.S. in Canada" states that "all image-enabled financial institutions can participate." *Id.* At the least, these documents create a fact question as to whether SVPCo is engaging in the specific business of image exchange in the Eastern District of Texas – a minimum contact that

would give rise to specific jurisdiction, because this would be an infringing activity. At this stage in the proceeding, this fact question is to be resolved in the Plaintiff's favor, and SVPCo's Motion should be denied.

## CONCLUSION

For the foregoing reasons, DataTreasury respectfully requests that SVPCo's Motion to Dismiss for Improper Venue be denied. Plaintiff DataTreasury prays for such other and further relief as it may be entitled.

Respectfully submitted,

ATTORNEY IN CHARGE
EDWARD L. HOHN
Texas Bar No. 09813240

ANTHONY K. BRUSTER
Texas Bar No. 24036280

NIX, PATTERSON, & ROACH, L.L.P.
2900 St. Michael Drive 5th Floor
Texarkana, Texas 75503

PROVOST★UMPHREY, L.L.P.
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone 214.774.3000
Facsimile: 214.744.3015
JOE KENDALL
Texas Bar No. 11260700

THE COOPER LAW FIRM
545 E. John Carpenter Frwy.,
Suite 1460
Irving, Texas 75062
Telephone: 972.831.1188
Facsimile: 972.692.5445
ROD COOPER
Texas Bar No. 90001628

6

**ALBRITTON LAW FIRM**
109 West Tyler Street
Longview, Texas 75601
Telephone: 903.757.8449
Facsimile: 903.758.6397
ERIC ALBRITTON
Texas Bar No. 00790215

**THE LAW OFFICE OF T. JOHN WARD, JR.**
P.O. 1231
Longview, Texas 75601
Telephone: 903-757-6400
Facsimile: 903-758-7397
JOHNNY WARD
Texas Bar No. 00794818

**ATTORNEYS FOR PLAINTIFF
DATA TREASURY CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 16th day of June, 2004 via facsimile to the following:

Mr. Preston McGee
**FLOWERS, DAVIS, P.L.L.C.**
1021 East SE Loop 323
Tyler, Texas 75701

James H. Carter
James T. Williams
Heather E. Abelson
**Sullivan & Cromwell, LLP**
125 Broad Street
New York, NY 10004

Lawrence F. Scinto
Ronald A. Clayton
**Fitzpatrick, Cella, Harper & Scinto**
30 Rockefeller Plaza
New York, NY 10112

Jennifer Haltom Doan
**PATTON, HALTOM, ROBERTS, MCWILLIAMS & GREER, L.L.P.**
2900 St. Michael Drive
Century Plaza, Suite 400
P.O. Box 6128
Texarkana, TX 75505

Jim Haltom
**The Haltom Law Firm**
P.O. Box 6227
6500 N. Summerhill Road
Crown Executive Center, Ste. 1-A
Texarkana, TX 75705-6227

Edward V. Filardi
Daniel A. DeVito
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM, L.L.P.**
Four Times Square
New York, NY 10036

Charles Schwartz
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM, L.L.P.**
1600 Smith Street, Suite 4400
Houston, TX 77002

Orrin L. Harrison, III
**Akin Gump Strauss Hauer & Feld LLP**
1700 Pacific Ave., Suite 4100
Dallas, TX 75201

W. David Carter
**MERCY, CARTER, TIDWELL & ELLIOTT, L.L.P.**
1724 Galleria Oaks Drive
Texarkana, TX 75503

Larry S. Nixon
**NIXON & VANDERHYE P.C.**
1100 North Glebe Road, 8th Floor
Arlington, VA 22201

James Bradley
**SIDLEY, AUSTIN, BROWN & WOOD**
717 North Harwood, Suite 3400
Dallas, TX 75201

Lance Lee
**YOUNG, PICKETT & LEE**
4122 Texas Boulevard
Texarkana, TX 75503

Nicholas H. Patton
**PATTON & TIDWELL, L.L.P.**
4605 Texas Boulevard
Texarkana, TX 75505



Edward L. Hohn

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

DATATREASURY CORPORATION,  §
Plaintiff,                 §
                           §
                           §
v.                         §     Civil Action No.
                           §     2-04CV-85
                           §
SMALL VALUE PAYMENTS       §
COMPANY (SVPCo)            §     AFFIDAVIT
                           §
Defendant                  §
                           §

STATE OF ILLINOIS

COOK COUNTY

Lindsey Whitehead, being duly sworn, states as follows:

1.  My name is Lindsey Whitehead.  I attended the BAI Check 21 Implementation Planning Clinic on March 2, 2004, in Orlando, Florida.

2.  Susan Long, a Senior Vice President at SVPCo, made a presentation at that conference.  During Ms. Long's presentation, she represented that SVPCo is currently engaged in the business of image exchange on a nationwide level, and she did not represent that it excluded the Eastern District of Texas.

3.  The attached documents are part of the presentation handout that accompanied Ms. Long's presentation.  They discuss the nationwide business that SVPCo is currently engaged in.

Sworn to before me this
___ day of June, 2004

_____
Notary Public

_____
Lindsey Whitehead

"OFFICIAL SEAL"
PATRICIA L. COLE
Notary Public, State of Illinois
My Commission Expires 10/02/08

EXHIBIT    1

JUN-15-2004 09:11 NIX PATTERSON ROACH 9032238520 P.03
Case 2:04-cv-00085-DF Document 3 Filed 06/16/2004 Page 11 of 21
06/15/04 8:13am p. 3 of 12

# Check 21 Implementation Planning Clinic

## March 1-3, 2004
## Orlando, Florida

*BAI*

Exhibit 2

JUN-15-2004 09:14 NY PATTERSON ROACH Filed 06/16/2004 9072238520 P.04
Case 2:04-cv-00085-DF Document 3 Page 4 of 12
06/15/04 8:13am p. 4 of 12

# Check 21 Implementation Planning Clinic
## March 1-3, 2004
## Orlando, Florida

## Agenda

| TIME | TOPIC | SPEAKER |
|---|---|---|
| **Monday, March 1, 2004** *9:00 a.m. – 4:30p.m.* | | |
| 9:00 a.m. – 9:30 a.m. | Current View of Check Processing in the U.S. | Michael Harris |
| 9:30 a.m. – 10:30 a.m. | Check 21 - Legislation Overview | Paul Carrubba |
| 10:30 a.m. – 10:45 a.m. | Break | |
| 10:45 a.m. – 12:00 p.m. | Proposed RegCC Changes and Issues | Phyllis Meyerson |
| 12:00 p.m. – 1:00 p.m. | Lunch | |
| 1:00 p.m. – 2:00 p.m. | Substitute Checks and Related Standards | Phyllis Meyerson |
| 2:00 p.m. – 3:00 p.m. | Check 21 Opportunities and Challenges | Phyllis Meyerson |
| 3:00 p.m. – 3:15 p.m. | Break | |
| 3:15 p.m. – 4:30 p.m. | Check 21 Project Basics | Michael Harris |
| **Tuesday, March 2, 2004** *9:00 a.m. – 4:30 p.m.* | | |
| 9:00 a.m. – 10:00 a.m. | Current Check 21, ECP and Image Initiatives | Michael Harris |
| 10:00 a.m. – 10:45 a.m. | FRB Check 21 Update | Brian Egan & Ted Kurdes |
| 10:45 a.m. – 11:00 a.m. | Break | |
| 11:00 a.m. – 12:00 p.m. | FRB Image Update | Brian Egan & Ted Kurdes |
| 12:00 p.m. – 1:00 p.m. | Lunch | |
| 1:00 p.m. – 2:00 p.m. | FRB Infrastructure Changes | Brian Egan & Ted Kurdes |
| 2:00 p.m. – 3:00 p.m. | SVPCo Check 21 Update | Susan Long |
| 3:00 p.m. – 3:15 p.m. | Break | |
| 3:15 p.m. – 4:30 p.m. | SVPCo Image Exchange Update | Susan Long |





# ECP and Image Exchange

**Susan Long**

**Senior Vice President**

**Executive Director**

**Electronic Clearing Services**

**Check 21   Implementation Planning Clinic**

9032238520    P.02

NIX PATTERSON ROACH

JUN-15-2004   08:17



SVPCo is a national payment system, open to all Financial Institutions and established to support check conversion through standardized ECP, ACH and Settlement.

5



SVPCo is a proposition open to all Financial Institutions, established to support a standardized, national Payment System Utility comprised of ECP, ACH, Settlement, and Check Conversion.

*paper – to – electronic        electronic*



ELECTRONIC
CLEARING
SERVICES



ELECTRONIC
PAYMENTS
NETWORK

6

3



## Critical Mass To Move Market

ECS provides ECP services to 96 sites, with 406 daily exchanges and over 1 billion transactions a year.

**ECS Banks**

$2.711 trillion in deposits -- *61% of US Commercial Bank Deposits*

Process over 60% of checks in the U.S.

13

## ECS Capabilities

❖ Single Point of Connection
  ▪ ECP, Returns, ACH, Image, Other
❖ Manages Communications and Bank Implementations
❖ Operates Exchange System
❖ Creates and Manages
  ▪ Legal Agreements
  ▪ Pricing
❖ Contributes to
  ▪ ECCHO Rules
  ▪ File Formats -ANSI X9.37

❖ Provides Industry Focal Point for ECP
  ▪ Operations Committee
❖ Provides Industry Focal Point for New Initiatives
  ▪ Returns
  ▪ Image Interchange
❖ Encourages Additional Participation
  ▪ Business Cases

14

7

ECS ECP Process



Typical ECP Workflow

| | |
|---|---|
| 11:00 PM | ECP Files Received |
| MIDNIGHT | Transactions Posted to Accounts |
| 2:00 AM | Local Paper Arrives |
| 3:00 AM | Local Paper to Electronic Reconciliation |
| 4:00 AM | Exception Sort Process<br>– Non ECP Items<br>– Local ECP Items |
| 5:00 AM | Local ECP Check Reversals - NSF and Memo Post |
| 8:00 AM | Local Exceptions Delivered to Deposit Accounting; Non-local paper delivered |

# Calculating Bank Benefits

❖ **Receiving Banks:**

- Determine dollars and items to be accelerated:
  - ➤ From inclearings.
  - ➤ From ECS survey.
  - ➤ From clearinghouse reports.
- Utilize data to calculate savings.
- Determine dollar mix on in clearings:
  - ➤ Business.
  - ➤ Retail.
- Apply positing rates.

35

# Benefits Increase by Adding Banks

❖ **Each bank added to the network increases linkages to all other banks.**

❖ **As participants double, benefits increase approximately sixfold.**



As the regional exchange grows from two networked participants...

...to four...

..linkages grow from one...

...then to six.

36

# Estimated Annual Benefit

| Bank | Deposit Size | Benefit | Benefit (less 1 Bank) |
|------|-------------|---------|----------------------|
| Bank A | $25.6 Billion | $2,189,492 | 0 |
| Bank B | $31.4 Billion | $2,661,735 | $2,049,536 |
| Bank C | $31.7 Billion | $2,704,666 | $2,082,593 |
| Bank D | $14.4 Billion | $1,229,264 | $946,533 |
| Bank E | $8.7 Billion | $729,831 | $561,970 |
| Total Benefit | | $9,514,988 | $5,640,632 |

37

---

# Building Volume by Adding Partners

❖ **ECS provides single point of connection:**
- Single implementation project.
- Project management and customer support.

❖ **Multilateral ECP offers "critical mass":**
- Open system.
- Standardized format, rules, procedures.
- Add volume quicker and easier.
- Achieve ECP benefits more rapidly.

❖ **Federal Reserve an ECP partner.**

38

# ECS Image Exchange Pilot

- ❖ Pre-Check 21.
- ❖ Dual files:
  - MICR data.
  - MICR data + image.
- ❖ Single daily cycle: 11 pm +.
- ❖ Paper truncated at Collecting Bank.
- ❖ Paying bank prints IRDs it needs.
- ❖ Transitions ECP with Paper to ECP with Image.
  - First file retains accelerated posting benefits.
- ❖ Delay between files allows FI time to capture, review, and attach images.
- ❖ Files carry identical data, in same format.

53

# Vanguard Banks Begin Exchange 2004



Image Cash Letter & Electronic Returns

- The largest national multilateral image exchange network begins 2004.
- Vanguard Banks initially committed to 4 billion images.
  - Committed aggregators add minimum of 1 billion images.
  - Potential of almost 30 billion transactions post-Check 21 ramp up.

54

## Post-Pilot Exchange

❖ Image Cash Letters throughout day.

❖ Late evening (approximately 11 pm), paying bank may request early data file, with later combined file:

- Preserves accelerated posting.

❖ Image exchange embodies financial transaction settlement:

- Automated settlement from data.
- Settlement by-product of process.
- Shared image archive does not settle financial transaction.

55

# Industry Utility Architecture



# Mission: Banking Industry Focal Point

❖ Payments System Network.
❖ Preferred network.
❖ Unmatched reach:
  ▪ Unlimited # of clearing points.
❖ Scalable.
❖ Standards based, interoperable.
❖ Secure.
❖ Low cost provider.

67

# Market Share

### Goal: Reach 100% of Financial Institutions in U.S. & Canada.

❖ All image-enabled FI's can participate.
  ▪ Can handle all your Image Exchange transactions.
❖ Establishing links to:
  ▪ Federal Reserve
  ▪ Fiserv
  ▪ Unisys
  ▪ Empire Corporate
  ▪ Syracor
    ➢ Cross-border (Canada).

68