

UNITED STATES DISTRICT COURT
FOR THE EASTERN District of TEXAS
MARSHALL DIVISION

------------------------------ x
DATATREASURY CORP.              :
                                :
            Plaintiff,          :
                                :
        v.                      :   No. 2-04CV-85
                                :
SMALL VALUE PAYMENTS            :
COMPANY (SVPCo)                 :
                                :
            Defendant.          :
------------------------------ x

## REPLY BRIEF OF DEFENDANT SMALL VALUE PAYMENTS COMPANY IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE

Preston W. McGee
Flowers Davis, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 Facsimile

### I.  SUMMARY

DataTreasury has failed to meet its burden of establishing that venue in this District is proper. *See McCaskey* v. *Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001); *Bingham* v. *Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000). DataTreasury has not produced a shred of evidence establishing <u>any</u> activity by Small Value Payments Company ("SVPCo") – not one sale, use, demonstration, or offer for sale – that could constitute an infringement in this district and form the basis for "specific" personal jurisdiction over SVPCo. Nor has Datatreasury produced <u>any</u> evidence that SVPCo engages in any business, advertises, or maintains any offices, employees, agents or property in this District.

For these reasons, SVPCo submits that venue is not proper in this case.

### II.  DISCUSSION

Venue is improper here because DataTreasury cannot establish that SVPCo has the barest minimum of contacts with this District. Minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson* v. *Denckla*, 357 U.S. 235, 253 (1958). There can be no specific jurisdiction over SVPCo because specific jurisdiction is only appropriate when the cause of action is related to or arises out of the defendant's contacts with the forum. *Helicopteros* v. *Hall*, 466 U.S. 408, 414 (1984). SVPCo has engaged in no activity that could be described as "making, using, selling, offering to sell, and/or importing, directly,

contributorily, and/or by inducement" any products or services within this District. (June 24, 2004 Affidavit of Susan E. Long ("Second Long Aff."), at ¶5.)

Nor is there general jurisdiction over SVPCo because of any contacts of a "more extensive quality and nature" than those sufficient to support specific jurisdiction. *Dalton* v. *R&W Marine, Inc.*, 897 F.2d 1359, 1362 (5th Cir. 1990). DataTreasury does not controvert the fact that SVPCo is not licensed to do business in Texas and does not maintain any offices, employees, agents or property in this District. (June 1, 2004 Affidavit of Susan E. Long ("First Long Aff."), at ¶2) Nor does DataTreasury dispute the fact that the website maintained by SVPCo is "passive" (First Long Aff., at ¶6) and therefore does not subject SVPCo to jurisdiction in this District.

Rather than point to any actual contact SVPCo has with this District, which it cannot do because there are none, DataTreasury asserts that venue is proper because SVPCo failed to "controvert each specific fact giving rise to proper venue that was pled by Plaintiff." (DataTreasury's Response to SVPCo's Motion to Dismiss for Improper Venue ("Opposition Brief"), at 3.) DataTreasury fails to cite a single case in support of its proposition that such level of detail is required. In any event, this assertion is incorrect. SVPCo stated in the opening brief that its Electronic Check Presentment service ("ECP") (which does not involve exchange of images, see First Long Aff., at ¶3) currently is used by 26 banks and the Federal Reserve System, but only from specific ECP facilities, none of which are located in the Eastern District of Texas. (Long Aff., at ¶2.) This statement includes SVPCo transactions with J.P. Morgan Chase Bank. SVPCo's dealings with J.P. Morgan Chase Bank do not involve any SVPCo facility or

activity in the Eastern District of Texas (Second Long Aff., at ¶3), and DataTreasury has failed to establish otherwise.

DataTreasury next asserts that SVPCo has sufficient contacts with this District as a result of a speech given by Susan Long, Senior Vice President of SVPCo, on March 2, 2004, in Orlando, Florida. It is noteworthy that this speech occurred the same day that Datatreasury filed its Complaint in this case. Once again, DataTreasury offers absolutely no legal support for its assertion that a desire or goal to service a "national" market, without any additional contacts with this District, establishes sufficient minimum contacts in every jurisdiction in the United States. This argument is in fact contradicted by clearly established legal precedent. The United States Supreme Court has long held that a finding of minimum contacts requires some specific act by the defendant to purposefully avail itself of the benefits of the forum State. *See, e.g., Asahi Metal Industry Co., LTD., v. Superior Court of California*, 480 U.S. 102, (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 480 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295-296 (1980); *Hanson v. Denckla*, 357 U.S. 235, 252-53 (1958); *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). For example, in *Asahi*, the Court held that the placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state. 480 U.S. at 112.

DataTreasury cannot establish any contacts between SVPCo and this District, nor can it even establish that SVPCo placed any allegedly infringing product into a general stream of commerce. Ms. Long's speech described a peer-to-peer imaging

-3-

network that as of March 2004 SVPCo was planning to introduce. Such a network was first tested on June 8, 2004, but no testing occurred in the Eastern District of Texas. Moreover, this network has not become operational anywhere in the United States. (Second Long Aff., at ¶4). SVPCo does not have any plans to include any data center in the Eastern District of Texas, and it has taken no step to do so. (*Id.*).

Thus, DataTreasury's argument relies on simply an expressed desire by SVPCo to be a player in a national market. There is no corresponding evidence of pursuit of that goal anywhere in this District. *See, e.g., I2 Technologies US, Inc. v. Lanell*, No. Civ. A. 302CV0134G, 2002 WL 1461929, at * 5 (N.D. Tex. July 2, 2002) ("the fact that the contract was to be performed globally does not establish personal jurisdiction over [the defendant] in every jurisdiction."); *Savage v. Scripto-Tokai Corp.*, 147 F. Supp. 2d 86, 94 (D. Conn. 2001) (plaintiffs failed to meet burden of demonstrating personal jurisdiction over defendant because the evidence did not demonstrate that (a) defendant sought to establish itself as a player in the national market, (b) played an active role in pursuing that goal, and (c) created and controlled a distribution chain into the forum State). If desire to be part of a national market alone were sufficient to establish minimum contacts with every forum District, any company that ever expressed a desire to expand nationally would be subject to jurisdiction throughout the United States. This is not the law.

## CONCLUSION

For the reasons set forth above, venue is not proper in this District and this action should be dismissed.

Dated: June 28, 2004

_____
Preston W. McGee

Flowers Davis, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 Facsimile

Of Counsel:
James H. Carter
James T. Williams
Heather E. Abelson
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Lawrence F. Scinto
Ronald A. Clayton
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112-3801
(212) 218-2254

*Attorneys for Defendant*
*Small Value Payments Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply Brief of Defendant Small Value Payments Compnay in Support of Its Motion to Dismiss for Improper Venue has been served on all counsel of record by facsimile or regular United States Mail on this the **28** day of June, 2004.

*Preston W. McGee*

Preston W. McGee

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

------------------------------------------------ X

DATATREASURY CORP.,

        Plaintiff,

   v.

SMALL VALUE PAYMENTS
COMPANY (SVPCo),

        Defendant.

------------------------------------------------ X

DOCKET NO. 2-04 CIV-85

AFFIDAVIT

STATE OF NEW JERSEY  )
                         ) ss.:
COUNTY OF HUDSON  )

        SUSAN E. LONG, being duly sworn, deposes and says:

        1.     I am Senior Vice President of The Small Value Payments Company L.L.C. ("SVPCo"), the defendant in this action.

        2.     As I stated in my affidavit of June 1, 2004 submitted earlier in this action, SVPCo's Electronic Check Presentment service ("ECP") currently is used by 26 banks and the Federal Reserve System, but only from specific ECP facilities, none of which to my knowledge is located in the Eastern District of Texas.

        3.     That is true with respect to SVPCo's dealings with J.P. Morgan Chase Bank, which involve no SVPCo facility or activity in the Eastern District of Texas.

NY12525:351190.1

4.  In a speech that I gave on March 2, 2004 in Orlando, Florida (to which Plaintiffs refer in the Affidavit of Lindsey Whitehead of June 14, 2004), I described a peer-to-peer imaging network that, as of March 2004, SVPCo was planning to introduce. Such a network was first tested on June 8, 2004, but no testing occurred in the Eastern District of Texas. Moreover, such a network has not become operational anywhere in the United States. This network would be used by a number of large banks' data centers, but SVPCo has no plans to include any data center in the Eastern District of Texas and has taken no step to do so.

5.  I am aware of no conduct by SVPCo that could be described as "making, using, selling, offering to sell, and/or importing, directly, contributorily, and/or by inducement" any products or services within the Eastern District of Texas.

_____
Susan E. Long

Sworn to before me this
24th day of June, 2004

_____
Notary Public

BYRON GRIJALVA
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES SEPT. 15, 2008