IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, § | | |
| Plaintiff § | | |
| § | | |
| v. § | Civil Action No. | |
| § | 2:04-CV-85 – DF/CC | |
| SMALL VALUE PAYMENTS § | JURY DEMAND | |
| COMPANY (SVPCo) § | | |
| Defendant § | | |

**DATATREASURY'S SUPPLEMENTAL RESPONSE TO
SVPCo's MOTION TO DISMISS FOR IMPROPER VENUE**

Plaintiff, DataTreasury Corporation, ("DataTreasury"), submits this Supplemental Response to Defendant Small Value Payments Company ("SVPCo")'s Motion to Dismiss for Improper Venue. On June 16, 2004, Plaintiff filed its Response to SVPCo's Motion to Dismiss for Improper Venue and incorporates into this supplemental response, all arguments and authorities set out therein. Additionally, Plaintiff would respectfully show the Court as follows:

DataTreasury filed this patent infringement case alleging that SVPCo is and has been infringing U.S. Patent Nos. 5,910,988 and 6,032,137, DataTreasury's patents on a system of remote image capture with centralized processing and storage. SVPCo is a consortium owned by over twenty of the largest financial institutions in the world. In addition to its Electronic Clearing Services and Electronic Payments Networks, SVPCo offers a national check image exchange service, Image Exchange Network, allowing all of its member institutions to realize the benefits of image exchange in the check clearing process. SVPCo operates through several subsidiaries, including Electronic Clearing Services (ECS) and Electronic Payments Network. ECS is a private sector provider of

check electronification services to U.S. financial institutions. Contrary to its assertions through affidavit, SVPCo engages in its business on a nationwide level, including in the Eastern District of Texas, by exchanging images and facilitating electronic payments for banks within the Eastern District. SVPCo's self-described mission is to electronify the check as early as possible once it enters the payment system. Unfortunately for SVPCo, as it seeks to accomplish this mission, it also infringes upon the valid United States patents held by DataTreasury.

SVPCo has filed the instant Motion under F.R.C.P. 12(b)(3), alleging that all claims against it should be dismissed based on alleged improper venue. In support of its argument to dismiss this entire case, SVPCo relies on one and only one document – a two page, self-serving, six-paragraph affidavit signed by Susan Long, the Senior Vice-President of SVPCo. *See Defendant's Motion to Dismiss and attached Affidavit previously filed.* For the additional reasons set forth below, venue in the Eastern District of Texas is proper, and Defendant's Motion should be denied.

DataTreasury pleads in its Complaint that

"[p]ersonal jurisdiction also exists specifically over SVPCo because of SVPCo's conduct in making, using, selling, offering to sell, and/or importing, directly, contributorily, and/or by inducement, infringing products and services within the State of Texas and within this district, in particular for JP Morgan Chase, an infringing Defendant in the United States District Court for the Eastern District of Texas."

*See Complaint for Patent Infringement, previously filed.* Defendant SVPCo has failed to controvert these specific facts, which create proper venue under 28 U.S.C. § 1391 and 28 U.S.C. § 1400. The only pertinent response SVPCo could muster in its supporting affidavit was that "SVPCo has no offices or employees in the State of Texas." *See Susan Long affidavit, filed with Defendant's Motion.* Clearly, Plaintiff has alleged numerous

specific facts which SVPCo does not controvert with this single sentence in its conclusory, self-serving, two-page affidavit. Because SVPCo has not controverted all the specific facts plead by DataTreasury that give rise to venue in the Eastern District of Texas, the Court should accept DataTreasury's allegations as true.

For further proof of SVPCo's involvement in business in the State of Texas, DataTreasury refers to Exhibit "A", an article which appeared in *InformationWeek*, on September 3, 2004, and attached hereto.

> "Key Bank and J.P. Morgan Chase & Co. have inaugurated a check-image-sharing program using Image Exchange Network, an image-exchange system owned and operated by Small Value Payments Co., a consortium of large banks. Key and Chase have concluded a two-month pilot and expect to increase the volume of images they exchange this year and next."

*See Exhibit "A"*. This article clearly shows that SVPCo performs infringing activities with J. P. Morgan Chase Bank, an institution that is subject to jurisdiction and venue in the Eastern District of Texas, a Defendant in a similarly filed action before the same Federal Judge, David Folsom, and Federal Magistrate Judge, Caroline Craven. *See file;* <u>DataTreasury Corp., v. J. P. Morgan Chase, et al.,</u> Civil Action No. 5:02-CV-0124, Judge David Folsom presiding.

Defendant SVPCo devotes a majority of its Motion to the legal standards regarding a defendant's residence, the exercise of personal jurisdiction over a defendant, and the constitutional due process requirements of minimum contacts, fair play, and substantial justice. As a general rule, Plaintiff agrees with and adopts this discussion of the law. However, SVPCo then argues that its service "permits banks to exchange check payment information electronically but does not involve the exchange of images – the subject of the patents in suit in this action." *See Defendant's Motion, p. 4.* However,

the article appearing in *InformationWeek* clearly states that "Image Exchange Network enables banks of all sizes to clear and settle check images directly or through third parties such as the Federal Reserve." *See Exhibit "A"*. At the least, these documents create a fact question as to whether SVPCo is engaging in the specific business of image exchange in the Eastern District of Texas – a minimum contact that would give rise to specific jurisdiction, because this would be an infringing activity. At this stage in the proceeding, this fact question is to be resolved in the Plaintiff's favor, and SVPCo's Motion should be denied.

## CONCLUSION

For the foregoing reasons, DataTreasury respectfully requests that SVPCO's Motion to Dismiss for Improper Venue be denied. Plaintiff DataTreasury prays for such other and further relief to which it may be entitled.

Respectfully submitted,

EDWARD L. HOHN
ATTORNEY IN CHARGE
SBN: 09813240
ANTHONY K. BRUSTER
SBN: 24036280
D. NEIL SMITH
SBN: 00797450

NIX PATTERSON & ROACH, L.L.P.
205 LINDA DRIVE
DAINGERFIELD, TEXAS 75638
903.645.7333 (TELEPHONE)
903.645.4415 (FACSIMILE)

**PROVOST * UMPHREY**
3232 MCKINNEY, STE. 700
DALLAS, TEXAS S 75204
214.744.3000 (TELEPHONE)
214.744.3015 (FACSIMILE)
JOE KENDALL
SBN: 11260700

**THE COOPER LAW FIRM**
545 E. JOHN CARPENTER FRWY.
SUITE 1460
IRVING, TEXAS 75062
972.831.1188 (TELEPHONE)
972.692.5445 (FACSIMILE)
ROD COOPER
SBN: 90001628

**ALBRITTON LAW FIRM**
109 W. TYLER
LONGVIEW, TEXAS 75601
903.757.8449 (TELEPHONE)
903.758.6397 (FACSIMILE)
ERIC ALBRITTON
SBN: 00790215

**THE LAW OFFICE OF T. JOHN WARD JR.**
P.O. BOX 1231
LONGVIEW, TEXAS 75601
903.757.6400 (TELEPHONE)
903.758.6397 (FACSIMILE)
JOHNNY WARD
SBN: 00794818

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been delivered to the following counsel on this ____ day of September, 2004, via e-mail.

Mr. Preston McGee
Flowers Davis
1021 ESE Loop 323
Suite 200
Tyler, TX 75701
pmcgee@tyler.net

_____
Edward L. Hohn




Enterprise Grid Computing is Here Today: **The Key Benefits** of Being on the Grid

sponsored by ORACL[E]



BUSINESS INNOVATION POWERED BY TECHNOLOGY

## Key, Chase Begin Check-Imaging Program

They're using Image Exchange Network, an image-exchange system that lets banks of all sizes clear and settle check images.

By Steven Marlin, InformationWeek
Sept. 3, 2004
URL: http://www.informationweek.com/story/showArticle.jhtml?articleID=46800084

Key Bank and J.P Morgan Chase & Co. have inaugurated a check-image-sharing program using Image Exchange Network, an image-exchange system owned and operated by Small Value Payments Co., a consortium of large banks. Key and Chase have concluded a two-month pilot and expect to increase the volume of images they exchange this year and next.

Image Exchange Network enables banks of all sizes to clear and settle check images directly or through third parties such as the Federal Reserve. By allowing banks to create digitized images of paper checks, it eliminates the expense of physically transporting them between banks.

A separate bank-owned enterprise, Viewpointe Archive Services, a 4-year-old image repository that houses many of the 40 billion checks written annually in the United States, is also gearing up to enable image exchange.

On Oct. 28, the Check Clearing for the 21st Century Act, known as Check 21, goes into effect, enabling banks to transmit images of checks in lieu of the paper originals. Because many banks against which checks are drawn aren't equipped to handle check images, the law requires that banks transmit images to service bureaus located near the bank on which the checks are drawn; the service bureaus convert the images to paper facsimiles and deliver the facsimiles to the bank. While cumbersome, it's still a lot less expensive than hiring air couriers to haul bags of checks across the country.

Viewpointe and Image Exchange Network are owned by some of the largest banks, all of which have image-enabled their systems. Still, Viewpointe CEO John Lettko says, the real benefits of check-image exchange will be realized only when the thousands of "endpoints," i.e., financial institutions around the country that maintain checking accounts, are able to send and receive images.

FOCUS ON...Migration
▸ Lost in Exchange? Get a Free Expert's guide.
▸ Learn five key lessons to securing Active Directory.

Brought to you by

QUEST SOFTWARE

EXHIBIT "A"