UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

---------------------------------- x
DATATREASURY CORP.                 :
                                   :
                 Plaintiff,        :
                                   :
         v.                        :  No. 2-04CV-85
                                   :
SMALL VALUE PAYMENTS COMPANY       :
(SVPCo)                            :
                                   :
                 Defendant.        :
                                   :
---------------------------------- x

SUPPLEMENTAL REPLY BRIEF OF DEFENDANT SMALL VALUE PAYMENTS
COMPANY IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE

Preston W. McGee
Flowers Davis P.L.L.C.
1021 ESE Loop 323
Suite 200
Tyler, Texas 75701
(903) 534-8063

Attorney for
The Clearing House Payments Company,
Successor to Defendant
Small Value Payments Company

**SUMMARY**

Plaintiff DataTreasury still has not met its burden of establishing that venue in this District is proper. Plaintiff has not pointed to <u>any</u> activity by Small Value Payments Company L.L.C. ("SVPCo"), or its successor The Clearing House Payments Company L.L.C., at the time of commencement of this action that could constitute an infringement in this District and form the basis for "specific" personal jurisdiction. Nor has Plaintiff produced <u>any</u> evidence that at any time, including at the time of commencement of this action and thereafter, SVPCo engaged in any business, advertised, or maintained any offices, employees, agents or property in this District.

For these reasons, Defendant submits that venue is not proper in this case.

**DISCUSSION**

Plaintiff's assertion that venue is proper in this District is based on a misperception of the law and the facts. Plaintiff's last ditch attempt to establish venue relies on a single newspaper article dated September 3, 2004. The article discusses how Key Bank and J.P. Morgan Chase & Co. have recently "inaugurated" a check-image-sharing program using SVPCo's Image Exchange Network after having concluded a two month pilot program. (DataTreasury's Supplemental Response to SVPCo's Motion to Dismiss for Improper Venue ("Supplemental Response"), at Exhibit A.) Notwithstanding the fact that this article does not establish Defendant's alleged infringement of Plaintiff's patents, as Plaintiff asserts, the activities discussed in the article are irrelevant to the current motion because they all occurred well after March 2, 2004 – the date the Complaint was filed.

The district in which proper venue lies "is determined at the time the complaint is filed and is not affected by a subsequent change of parties." *Horihan* v. *Hartford Ins. Co. of the Midwest*, 979 F. Supp. 1073, 1076 (E.D. Tex. 1997); *see also Nutrition Physiology Corp.* v. *Enviros Ltd.*, 87 F. Supp. 2d 648, 652 (N.D. Texas 2000) (citing *Hoffman* v. *Blaski*, 363 U.S. 335, 342-44 (1960)); *Sampson Indus., Inc.* v. *Amega Indus., Inc.*, No. Civ. A. 3-98-CV-1440-P, 1998 WL 826907, at *3 (N.D. Tex. 1998).

Nor does the newspaper article provide any evidence that SVPCo had engaged in any purported infringing activity in this District at the time when the Complaint was filed or is engaging in any such activity today. The article simply sets forth that Key Bank and J.P. Morgan Chase & Co., which are separate entities from SVPCo, have completed a pilot program of one of SVPCo's image-exchange systems, called the "Image Exchange Network." (Supplemental Response at Exhibit A.) However, as discussed in SVPCo's Reply Brief of June 28, 2004, no testing or use of the Image Exchange Network occurred in the Eastern District of Texas, and SVPCo does not have any plans to include any data center for the Image Exchange Network in the Eastern District of Texas, nor has it taken any steps to do so. (Reply Brief at 4.)

Moreover, the Key Bank and J.P. Morgan Chase check image sharing program did not involve this District. (October 20, 2004 Affidavit of Susan E. Long ("Third Long Aff.") at ¶¶ 3,4) Further, the SVPCo Image Exchange Network is not implemented nationally at this time, contrary to DataTreasury's assertion. (*Id.*)

While Plaintiff points out that J.P. Morgan Chase Bank is currently a defendant in another case pending before this Court, *DataTreasury Corp.* v. *J.P. Morgan Chase, et al.*, Civil Action No. 5:02-CV-0124, that pending action involves an "archive" system, not SVPCo's Image Exchange Network.[1]  SVPCo has not engaged in any activities with J.P. Morgan Chase that involve any SVPCo facility or activity in the Eastern District of Texas.  (Reply Brief at 2, 3.)

In contrast to the J.P. Morgan Chase suit, the Complaint in this action alleges that Defendant's "Electronic Check Presentment" ("ECP") service and an alleged point-of-sale check authorization service infringe the DataTreasury patents.  As shown by SVPCo in its opening brief, the ECP service does not involve the exchange of images.[2]  SVPCo's ECP service is not mentioned at all in the newspaper article.  None of the banks that use or have used the ECP service has done so from any facility in this District.  (Opening brief at 5.)  Further, SVPCo has never operated a point-of-sale check authorization service.  (Opening brief at 5.)

---

[1]   The Viewpointe Archive service, also mentioned in DataTreasury's cited newspaper article, is believed to the be the subject of yet another DataTreasury lawsuit.  However, the Viewpointe Archive service is neither owned nor operated by SVPCo.  (Third Long Aff. ¶ 5)

[2]   While Plaintiff suggests that SVPCo attempted to assert in prior briefs that the Viewpointe Archive system does not involve image exchange, this is incorrect.  SVPCo's motion did not address the Viewpointe Archive system, because Plaintiff made no allegations about that system in its Complaint.

On pages three and four of its Supplemental Response, DataTreasury has attempted to create a "question of fact" by quoting a portion of SVPCo's Opening Brief out of context, stating:

> "…SVPCo then argues that its service 'permits banks to exchange check payment information electronically but does not involve the exchange of images — the subject of the patents in suit in this action.'"

DataTreasury then incorrectly concludes that:

> "However, the article appearing in *Information Week* clearly states that 'Image Exchange Network' enables banks of all sizes to clear and settle check images directly or through third parties such as the Federal Reserve."

DataTreasury is confused. Again, the quotation from SVPCo's Opening Brief refers to SVPCo's ECP service that, in fact, does not involve exchange of images. It does not refer to the Image Exchange Network, which is the subject of the article. Moreover, there is still no "question of fact." Neither the ECP service nor the Image Exchange Network has been used in this District.

Plaintiff has failed to offer any proof that SVPCo had the barest minimum of contacts with this District at the time the Complaint was filed. *Int'l Shoe Co.* v. *Washington*, 326 U.S. 310, 316 (1945); *Wilson* v. *Belin*, 20 F.3d 644, 647 (5th Cir. 1994). There is not a shred of evidence that SVPCo engaged in any activity that could be described as "making, using, selling, offering to sell, and/or importing, directly, contributorily, and/or by inducement" any products or services within this District. (June 24, 2004 Affidavit of Susan E. Long ("Second Long Aff."), at ¶5.) Nor has

Plaintiff offered any evidence that SVPCo is licensed to do business in Texas, maintains any offices, employees, agents or property in this District. (First Long Aff. at ¶2.)

Rather than point to any evidence of actual contact SVPCo had with this District, which it cannot do because there was none, Plaintiff asserts that venue is proper because "SVPCo has not controverted all of the specific facts pled by DataTreasury that give rise to venue in the Eastern District of Texas, the Court should accept DataTreasury's allegations as true." (Supplemental Response at 3.) That is not correct. SVPCo has refuted each and every allegation made to date, even those made long after the Complaint was filed.

## CONCLUSION

For the reasons set forth above, venue is not proper in this District and this action should be dismissed.

Dated: October 20, 2004

/s/ Preston W. McGee
Preston W. McGee

Flowers Davis, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063

Of Counsel:
James H. Carter
James T. Williams
Heather E. Abelson
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

        Lawrence F. Scinto
        Ronald A. Clayton
        FITZPATRICK, CELLA, HARPER & SCINTO
        30 Rockefeller Plaza
        New York, New York 10112-3801
        (212) 218-2254

        *Attorneys for The Clearing House Payments Company, successor to Defendant Small Value Payments Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss for Improper Venue has been served on all counsel of record by ECF on this the 20th day of October, 2004.


        /s/ Preston W. McGee
        Preston W. McGee

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

------------------------------------------------------- X

DATATREASURY CORP.,

             Plaintiff,     :  DOCKET NO. 2-04 CIV-85

     v.

SMALL VALUE PAYMENTS    :  **AFFIDAVIT**
COMPANY (SVPCo),

             Defendant.

------------------------------------------------------- X

STATE OF NEW JERSEY )
                        ) ss.:
COUNTY OF HUDSON )

        SUSAN E. LONG, being duly sworn, deposes and says:

        1.     I am Senior Vice President of The Clearing House Payments Company L.L.C., successor to the Small Value Payments Company L.L.C. ("SVPCo"), the defendant in this action.

        2.     I submit this affidavit in further support of SVPCo's motion to dismiss this action. It supplements my prior affidavits of June 1 and June 24, 2004, which discussed SVPCo's Electronic Check Presentment service ("ECP").

        3.     I have read a newspaper story published by *Information Week* dated September 3, 2004, a copy of which is attached as Exhibit A to DataTreasury's Supplemental Response to SVPCo's Motion to Dismiss filed October 11, 2004. The

"Image Exchange Network" to which that article refers is not the same system as SVPCo's ECP system.

4. I am familiar with the Image Exchange Network and with the activities of Key Bank and J.P. Morgan Chase & Co. with respect to that service. The program described in the *Information Week* story did not take place in or otherwise involve the Eastern District of Texas. The SVPCo Image Exchange Network has not been implemented nationally at this time.

5. The "Viewpointe" system mentioned in the *Information Week* news story is neither owned nor operated by SVPCo.

*Susan E. Long*
Susan E. Long

Sworn to before me this
20 day of October, 2004

*Hilda M. Schilling*
Notary Public

HILDA M. SCHILLING
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 21, 2008