UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DATATREASURY CORP.

               Plaintiff,

  v.                           2-04CV-85

SMALL VALUE PAYMENTS COMPANY   **ANSWER and COUNTERCLAIMS**
(SVPCo)

               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      The Clearing House Payments Company L.L.C., which is the successor in interest to The Small Value Payments Company ("SVPCo"), by and through its attorneys, Flowers Davis, P.L.L.C., Sullivan & Cromwell LLP and Fitzpatrick, Cella, Harper & Scinto, answers the Complaint as follows:

## FIRST DEFENSE

      1.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

      2.    Defendant denies the allegations of paragraph 2, and states that on July 1, 2004, SVPCo, Clearing House Holdings L.L.C., The Clearing House Service Company L.L.C., The Clearing House Interbank Payments Company L.L.C., Electronic Payments Network L.L.C., Electronic Clearing Services L.L.C. and The National Check Exchange Company L.L.C. merged into The Clearing House Payments Company L.L.C. Defendant further states that The Clearing House Payments Company L.L.C. is a

Delaware Limited Liability Company with its principal place of business in New York, NY.

3. Defendant states that the allegations of paragraph 3 purport to state legal conclusions to which no response is required and on that ground denies the allegations of paragraph 3.

4. Defendant denies the allegations of paragraph 4.

5. Defendant denies the allegations of paragraph 5.

6. Defendant admits that United States Patent No. 5,910,988 ("the '988 patent"), entitled "Remote Image Capture with Centralized Processing and Storage" and naming Claudio R. Ballard as the purported inventor, issued on June 8, 1999; further admits that Plaintiff admits that the '988 patent is "for an invention in a remote image capture with centralized processing and storage"; denies that the '988 patent was duly and legally issued; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Defendant admits that United States Patent No. 6,032,137 ("the '137 patent"), entitled "Remote Image Capture with Centralized Processing and Storage" and naming Claudio R. Ballard as the purported inventor, issued on February 29, 2000; further admits that Plaintiff admits that the '137 patent is "for an invention in a remote image capture with centralized processing and storage"; denies that the '137 patent was duly and legally issued; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant states that the allegations of paragraph 11 purport to state legal conclusions to which no response is required and on that ground denies the allegations of paragraph 11.

## SECOND DEFENSE

### (Improper Venue)

12. Pursuant to 28 U.S.C. §1400 and 28 U.S.C. § 1391(c), venue is not proper in this District because Defendant maintains no contacts with the Eastern District of Texas.

## THIRD DEFENSE

### (Noninfringement)

13. Defendant has not infringed and is not infringing (either directly, contributorily, or by inducement), any claim of the '988 or '137 patents either literally or by application of the doctrine of equivalents.

## FOURTH DEFENSE

### (Prosecution History Estoppel)

14. By reasons of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications that led to the issuance of the '988 patent and the '137 patent, these patents are so limited that none of their claims can be construed as covering any activity of Defendant.

## **FIFTH DEFENSE**

### **(Invalidity)**

15. Each and every claim of the '988 and '137 patents is invalid and void for failure to meet the requirement of Title 35, United States Code, including, but not limited to, one or more of Sections 101, 102, 103 and 112 thereof.

## **SIXTH DEFENSE**

### **(Unenforceability)**

16. On information and belief, and subject to further amendments as Defendant obtains more information during discovery, the '988 and '137 patents are unenforceable as a result of inequitable conduct in their procurement because, on information and belief, the duty of candor and good faith in dealing with the USPTO was violated in that material misrepresentations were made to the Examiner of the USPTO with an intent to deceive him. Those material misrepresentations include, but are not limited to, statements concerning U.S. Patent No. 4,264,808 (the "808 patent").

(a) The named inventor, assignee, Plaintiff, its predecessor in interest, or other persons associated with the filing and prosecution of the application which led to the issuance of the '988 patent, intentionally misstated in their Petition to Make Special and Accelerate Examination under 37 C.F.R. Section 1.102(d), submitted to the Examiner on October 23, 1998, that the '808 patent "does not teach or disclose a communication network for the transmission of transactional data within or between one or more data access subsystems and at least one data processing subsystem." In fact, such a

communication network is taught and disclosed in the '808 patent. The intentional misstatement was material to the prosecution of the '988 patent.

    (b)  The named inventor, assignee, Plaintiff, its predecessors in interest, or other persons associated with the filing and prosecution of the application which led to the issuance of the '137 patent, intentionally misstated in their Petition to Make Special and Accelerate Examination under 37 C.F.R. Section 1.102(d), submitted to the Examiner on February 16, 1999, that the '808 patent "does not teach or disclose a communication network for the transmission of transactional data within or between one or more data access subsystems and at least one data processing subsystem." In fact, such a communication network is taught and disclosed in the '808 patent. The intentional misstatement was material to the prosecution of the '137 patent.

    17.  On information and belief, and subject to further amendments as Defendant obtains more information during discovery, the '988 patent is also unenforceable as a result of inequitable conduct in its procurement because, on information and belief, the duty of candor and good faith in dealing with the USPTO was violated in that material information known to the named inventor, the assignee, Plaintiff, its predecessors in interest, or other persons associated with the filing and prosecution of the application which led to the issuance of the '988 patent, was intentionally not disclosed to the USPTO with an intent to deceive it. This material information includes, but is not limited to, prior art references disclosed in the February 16, 1999 Petition to Make Special and Accelerate Examination Under 37 C.F.R. Section 1.102(d) and an information disclosure statement, dated May 17, 1999, which were submitted during

prosecution of the '137 patent.  More specifically, the Petition to Make Special and Accelerate Examination Under 37 C.F.R. Section 1.102(d) includes U.S. Patent No. 5,484,988, issued on January 16, 1996 to Hills, et al., which is a prior art reference material to the patentability of the '988 patent.  The information disclosure statement also includes prior art references material to the patentability of the '988 patent – namely (1) U.S. Patent No. 4,858,121 issued on August 15, 1989 to Barber, et al., and (2) U.S. Patent No. 5,326,959, issued on July 5, 1994 to Perazza.

        18.    On information and belief, and subject to further amendments as Defendant obtains more information during discovery, the '137 patent is also unenforceable as a result of inequitable conduct in its procurement because, on information and belief, the duty of candor and good faith in dealing with the USPTO was violated in that material information known to the named inventor, the assignee, Plaintiff, its predecessors in interest, or other persons associated with the filing and prosecution of the application that led to the issuance of the '137 patent, was intentionally not disclosed to the USPTO with an intent to deceive it.  This material information includes, but is not limited to, prior art references disclosed in a communication from the USPTO, dated December 29, 1998, during prosecution of the '988 patent, which are material to the patentability of the '137 patent – namely (1) U.S. Patent No. 4,500,750, issued on February 19, 1985 to Elander, et al., (2) U.S. Patent No. 4,578,530, issued on March 25, 1986 to Zeidler, and (3) U.S. Patent No. 4,912,762, issued on March 27, 1990 to Lee, et al.

19. On information and belief, and subject to further amendments as Defendant obtains more information during discovery, the '137 patent is also unenforceable as a result of inequitable conduct in its procurement because, on information and belief, the duty of candor and good faith in dealing with the USPTO was violated in that material misrepresentations were made to the Examiner of the USPTO with an intent to deceive him. These material misrepresentations include, but are not limited to, statements concerning U.S. Patent No. 5,506,691 ("the '691 patent") made by the applicant's representative in the Petition to Make Special and Accelerate Examination Under 37 C.F.R. Section 1.102(d) submitted on February 16, 1999 in its '137 patent application. On information and belief, the named inventor, the assignee, Plaintiff, its predecessors in interest, or other persons associated with the filing and prosecutions of the applications that led to the issuance of the '988 and '137 knowingly mischaracterized the '691 patent with an intent to deceive the USPTO.

## SEVENTH DEFENSE

### (Failure to State a Claim)

20. The Complaint fails to state a claim upon which relief may be granted.

## COUNTERCLAIMS

For it counterclaims, The Clearing House Payments Company L.L.C. alleges as follows:

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Noninfringement)**

21.     The Clearing House Payments Company L.L.C. realleges and incorporates herein by reference the allegations of paragraphs 1-20 above.

22.     The Clearing House Payments Company has not infringed and is not infringing (either directly, contributorily, or by inducement), any claim of the '988 patent or the '137 patent, either literally or by application of the doctrine of equivalents.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Invalidity)**

23.     The Clearing House Payments Company L.L.C. realleges and incorporates by reference the allegations of paragraphs 1-22 above.

24.     The '988 patent and the '137 patent are void and invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto.

## THIRD COUNTERCLAIM

**(Declaratory Judgment of Unenforceability)**

25.     The Clearing House Payments Company L.L.C. realleges and incorporates by reference the allegations of paragraphs 1-24 above.

26.     The claims of the '988 patent and the '137 patent are unenforceable for the reasons set forth in the Sixth Defense above.

27. On information and belief, DataTreasury has asserted the '988 patent and the '137 patent against The Clearing House Payments Company L.L.C. knowing that both the '988 patent and '137 patent are invalid and unenforceable and having no reasonable basis for claiming infringement of either the '988 or the '137 patent, making this an exceptional case within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, The Clearing House Payments Company L.L.C. prays that this Court enter judgment:

(a) Dismissing DataTreasury's Complaint with prejudice;

(b) Declaring U.S. Patent Nos. 5,910,988 ("the '988 patent") and 6,032,137 ("the '137 patent") invalid and unenforceable;

(c) Declaring that The Clearing House Payments Company L.L.C. has not infringed the '988 patent or the '137 patent;

(d) Declaring this an exceptional case under 35 U.S.C. § 285;

(e) Awarding The Clearing House Payments Company L.L.C. its costs in this action and awarding The Clearing House Payments L.L.C. Company its reasonable attorney fees; and

(f) Granting The Clearing House Payments Company L.L.C. such further relief as may be just and proper.

Dated: December 8, 2004

/s/ Preston W. McGee
Preston W. McGee
Texas State Bar No. 13620600
Flowers Davis, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
Tel: (903) 534-8063
Fax: (903) 534-1650

Of Counsel:
James H. Carter
James T. Williams
Heather E. Abelson
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
Fax: (212) 558-3588

Lawrence F. Scinto
Ronald A. Clayton
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112-3801
Tel: (212) 218-2100
Fax: (212) 218-2200

*Attorneys for The Clearing House Payments Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Original Answer and Counterclaims has been served on all counsel of record by ECF on this the 8th day of December, 2004.

/s/ Preston W. McGee
Preston W. McGee