UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATREASURY CORPORATION )<br>Plaintiff, )<br>)<br>v. )<br>)<br>SMALL VALUE PAYMENTS COMPANY )<br>Defendant. ) | Civil Action No.<br>2:04 CV 85 (DF) |

### PROTECTIVE ORDER

The Court enters this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

Dockets.Justia.com

3. Counsel for the party or parties receiving Confidential Information may not presently have sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order is issued:

**IT IS, THEREFORE, ORDERED THAT:**

1. Documents, things, discovery, discovery responses or depositions containing Confidential Information disclosed, produced or provided by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents, things, discovery, discovery responses or depositions designated by the producing party as "Confidential" and/or "Attorneys' Eyes Only" which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) materials that have been submitted to any governmental entity without request for confidential treatment, or (d) materials discovered by a party from a third party having the right to disclose such materials.

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential and/or Attorneys' Eyes Only designation of all or any portion thereof by providing written

notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Documents is entitled to confidential treatment.

4. Confidential Treatment: Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5. Protected Documents and any information contained therein shall be used solely for the prosecution and/or defense of this litigation. Protected Documents shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with this litigation, and shall not be communicated in any manner, directly or indirectly,

to anyone other than a person qualified to receive such material under the terms and conditions set forth herein, unless and until the restrictions herein are modified either by agreement of counsel for all parties, or by order of this Court. By way of example only, such Protected Documents and information derived therefrom shall not be used by the recipient in the prosecution of any patent application in this or any other country. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

(a) Protected Documents marked "Attorneys' Eyes Only" shall be disclosed only to counsel of record in this action for the party or parties receiving Protected Documents or any information contained therein; partners, associates, employees, and agents of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action; no more than three (3) in-house attorneys for Plaintiff and Defendant; and, actual or potential independent technical, economic, financial, and/or business experts or consultants and their support staff retained by counsel of record and designated pursuant to the provisions of paragraph 6 below.

(b) In addition to the persons listed in (a) above, Protected Documents marked only as "Confidential" may be disclosed to the party or representative of the party (in cases where the party is a legal entity) receiving the Protected Documents.

(c) Protected Documents marked "Attorneys' Eyes Only" or "Confidential" may be disclosed to any person who appears as an author or addressee on

the face of the document or to any officer, director, managing agent or attorney of the party producing the document.

6. Before any disclosure of Protected Information is made to any independent expert or consultant pursuant to section 5(a) above, the following must occur:

(a) The individual to whom disclosure is to be made must be given a copy of this Order, and the provisions of this Order must be explained to the individual to whom disclosure is to be made by an attorney; and

(b) The individual to whom disclosure is to be made must sign an undertaking in the form of the attached Exhibit A.

7. Any document or thing containing or embodying Protected Information that is to be filed in this action shall be filed in sealed envelopes or other sealed containers that shall bear the caption of the case, shall identify the contents for docketing purposes, and shall bear a statement substantially in the form:

**CONFIDENTIAL**

**Filed under Protective Order. This envelope is not to be opened nor the contents thereof displayed or revealed except by order of the Court or by agreement of the parties.**

Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the

Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released, except by order of the Court, to outside counsel of record or as otherwise provided for hereunder.

8. Depositions or portions thereof which contain Protected Information may be designated as "Confidential" or "Attorneys' Eyes Only" and shall be separately bound in a confidential volume, and shall, if required, be separately filed as provided herein so as to distinguish such confidential deposition or confidential portions thereof from non-confidential public depositions or public portions thereof.

9. Material and deposition transcripts produced without the designation of "Confidential" or "Attorneys' Eyes Only" may be so designated subsequent to production or testimony if the producing party provides replacement materials bearing appropriate designations and notifies the receiving party promptly after becoming aware of the failure of the producing party to timely make such designation. If discovery material is designated "Confidential" or "Attorneys' Eyes Only" subsequent to production or testimony, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized to receive Protected Information so designated under this Order, and shall affix the appropriate designation to any copies that have been provided to individuals authorized to receive Protected Information so designated under this Order.

10. Any discovery documents produced in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error and no waiver of privilege or

6

immunity shall be deemed to have occurred. Upon such designation, the receiving attorney promptly shall make best efforts to collect all copies of the documents and return them to the producing party. In the event that the receiving attorney believes in good faith that the producing party cannot properly assert any privilege or immunity with respect to the documents, the receiving attorney must notify the designating attorney in writing and the designating attorney shall, within five (5) days of such notice, file a motion to establish that the material is attorney-client privileged; otherwise, the claim of privilege shall be deemed waived:

11. Counsel of record for the party or parties receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Protected Documents. The index must identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the party or parties receiving Protected Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

12. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

13. To the extent the Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the

deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

14. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all confidential information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

15. Inadvertent or unintentional production of documents or information containing confidential information which are not designated "Confidential" and/or "Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

16. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

17. After termination of this litigation, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

18. Within sixty (60) days of the termination of this action by dismissal, judgment, or settlement, including all appeals, counsel for the party or receiving Protected Documents shall return the Protected Documents to the counsel for the party or

8

parties disclosing or producing the Protected Documents or certify to such counsel that such Protected Documents have been destroyed. The party or parties receiving the Protected Documents may keep their attorney work product which refers or relates to any Protected Documents and may keep pleadings, deposition transcripts, exhibits, and videos, and papers filed with the Court that incorporate Protected Documents or information contained therein. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

19. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

20. This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Order.

21. This Court anticipates that as this litigation continues need may arise for the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a party as provided in Rule 26(b) or (c) of the Federal Rules of Civil Procedure.

So **ORDERED AND SIGNED** this 19 day of October, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

AGREED:
Date: August 22, 2005.

                        DATATREASURY CORPORATION
                        By its Attorneys of Record

*[signature]*

Edward L. Hohn
Texas Bar No. 09813240
D. Neil Smith
Texas Bar No. 00797450
**Nix Patterson & Roach, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
Tel. (903)645-7333; Fax (903)645-4415
edhohn@nixlawfirm.com
dnsmith@nixlawfirm.com

Rod A. Cooper
Texas Bar No.
**The Cooper Law Firm**
545 E. John Carpenter Freeway, Suite 1460
Irving, Texas 75062
Tel. (972)831-1188; Fax (972)692-5445
rcooper@cooperiplaw.com

Anthony K. Bruster
Texas Bar No. 24036280
**Nix, Patterson & Roach, LLP**
2900 St. Michael Drive, 5th Floor
Texarkana, Texas 75503
Tel. (903) 223.3999; Fax (903) 223-8520
akbruster@nixlawfirm.com

Joe Kendall
Texas Bar No. 11260700
Buddy Reece
Texas Bar No. 16672990
Provost Humphrey, L.L.P.
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Tel. (214)774-3000; Fax (214) 744-3015
jkendall@provosthumphrey.com
Eric Albritton
Texas Bar No. 00790215
**ALBRITTON LAW FIRM**
109 W. Tyler Street
Longview, Texas 75601
Tel. (903) 757-8449; Fax (903) 758-6397
eric@albrittonlawfirm.com

Johnny Ward
Texas Bar no. 00794818
**THE LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231
Longview, Texas 75601
Tel. (903) 757-6400; Fax (903) 758-7397
jw@JWFirm.com

AGREED
DATE: August __23__, 2005

        THE CLEARING HOUSE PAYMENTS
        COMPANY L.L.C.
        (successor in interest to THE
        SMALL VALUE PAYMENTS
        COMPANY)
        By its Attorneys of Record

        */s/ P.W.M.*

        Preston W. McGee
        Texas State Bar No. 13620600
        **Flowers Davis, P.L.L.C.**
        1021 ESE Loop 323, Suite 200
        Tyler, Texas 75701
        Tel. (903) 534-8063; Fax (903) 534-1650
        pmcgee@tyler.net


        Of Counsel:

        James H. Carter
        James T. Williams
        Heather E. Abelson
        **Sullivan & Cromwell LLP**
        125 Broad Street
        New York, New York 10004-2498
        Tel. (212) 558-4000; Fax (212) 558-3588
        carterj@sullcrom.com
        williamsj@sullcrom.com
        abelsonh@sullcrom.com


        Lawrence F. Scinto
        Ronald A. Clayton
        Stephen E. Belisle
        **Fitzpatrick, Cella, Harper & Scinto**
        30 Rockefeller Plaza
        New York, New York 10112-3801

Tel. (212) 218-2100; Fax (212) 218-2200
lscinto@fchs.com
rclayton@fchs.com
sbelisle@fcsh.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No.<br>2:04 CV 85 (DF) |
| SMALL VALUE PAYMENTS COMPANY<br>    Defendant. | )<br>)<br>) | |

I, _____, declare that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____
_____.

4. I have received a copy of the Protective Order in this action.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provision of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any confidential materials which are disclosed to me.

8. I will return all confidential material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

9. I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order in this action.

Exhibit A - Page 1

Dated: _____    _____
                                  Signature

                                  _____
                                  Printed Name