UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

------------------------------ x
DATATREASURY CORP.

     Plaintiff,

  v.

SMALL VALUE PAYMENTS
COMPANY

     Defendant.

------------------------------ x

No. 2-04CV-85

MOTION TO COMPEL

**DEFENDANT SMALL VALUE PAYMENTS COMPANY'S
MOTION TO COMPEL AMENDED PRELIMINARY INFRINGEMENT CONTENTIONS**

    COMES NOW Defendant Small Value Payments Company ("SVPCo") and respectfully moves this Court for an order compelling DataTreasury Corporation ("DataTreasury" or "DTC") to serve Preliminary Infringement Contentions ("Contentions") that satisfy the requirements of Rule 3-1 of this District's Patent Rules. In support of its motion, SVPCo submits the following.[1]

<u>PRELIMINARY STATEMENT</u>

    In this case, DataTreasury alleges that SVPCo literally infringes all of the claims in U.S. Patent Nos. 6,032,137 ("the '137 patent") and 5,910,988 ("the '988 patent"; collectively, the "patents-in-suit"). SVPCo denies those allegations in their entirety. Pursuant to the scheduling order governing this matter, the parties are currently preparing for the claim construction hearing before this Court.

---

[1] Accompanying this motion are the following exhibits: (1) Exhibit 1—DataTreasury's Preliminary Infringement Contentions, as served on April 10, 2005; (2) Exhibit 2— a motion to compel filed in <u>DataTreasury</u> v. <u>First Data Corp.</u>, No. 03-CV-00039, on June 8, 2004, as well as the order granting that motion; (3) Exhibit 3— pages 1 and 2 of SVPCo's Preliminary Invalidity Contentions, as served on July 8, 2005; (4) Exhibit 4—SVPCo's November 19, 2005, letter regarding DataTreasury's Contentions; (5) Exhibit 5—U.S. Patent No. 6,032,137; and (6) Exhibit 6—U.S. Patent No. 5,910,988. In addition, a proposed order is attached.

This District's Patent Rules obligate DataTreasury to serve preliminary infringement contentions setting forth the factual bases for its allegations that every claim element of every patent claim is literally infringed by SVPCo "[n]ot later than 10 days after the Initial Case Management Conference."  P.R. 3-1.  Not only did DataTreasury serve its Contentions three weeks late, they lacked the details required by P.R. 3-1.  Rule 3-1 of the Patent Rules requires that DataTreasury provide in its Contentions, at a minimum, the results of DataTreasury's pre-suit investigation comparing the patent claims to some infringing device.  The Contentions, which fail to indicate that such investigation was thoroughly conducted, do not satisfy the Patent Rules.[2]  In connection with most of the asserted patent claims, DataTreasury either cannot find an allegedly infringing device attributable to SVPCo at all, or it cannot identify various elements or limitations of the asserted claims within any SVPCo product.[3]  (See Exhibit 1, Contentions for Claims 3, 8-25, 27-49 of the '988 patent; Claims 3, 8-25, 27-41 of the '137 patent).

DataTreasury has attempted to excuse its lack of compliance with this District's Patent Rules by urging that the "Preliminary" nature of the Contentions permits DataTreasury to avoid providing the details SVPCo is requesting, and that the length of

---

[2]  In two of the other eleven cases DataTreasury has filed in this District alleging infringement of the patents-in-suit, defendants have had to make motions similar to the one SVPCo makes here.  In DataTreasury v. First Data Corp., No. 03-CV-00039, this Court granted the First Data defendants' motion to compel.  (See Exhibit 2).  As discussed more fully below, see discussion infra at 11 & n.6, the preliminary infringement contentions served by DataTreasury in the First Data litigation suffered from defects similar to those at issue here.  In addition, in DataTreasury v. NCR Corp., No. 05-CV-73, defendant NCR submitted a similar motion to this Court, which is fully briefed and sub judice.

[3]  The only instrumentality identified by DataTreasury is the SVPCo Image Exchange.

the Contentions establishes <u>ipso facto</u> that the Contentions comply with the Patent Rules. DataTreasury is incorrect.

<u>First</u>, the Patent Rules, in conjunction with the Federal Circuit's interpretation of Rule 11 of the Federal Rules of Civil Procedure, are designed to prevent precisely the strategy DataTreasury is employing here—suing first, hoping to support those allegations later. Accordingly, Rule 11 requires that, prior to suing for infringement, DataTreasury develop sufficient factual bases supporting its allegations, and the Patent Rules compel DataTreasury to reveal those bases shortly after commencing litigation. Furthermore, this case is not in its infancy. DataTreasury sued SVPCo more than twenty-one months ago, and the parties have for months been embroiled in discovery. Each party has produced thousands of pages of documents, and DataTreasury has taken deposition testimony from a witness employed by SVPCo.[4] Nevertheless, DataTreasury has made no move to amend or supplement its Contentions.

<u>Second</u>, what the Patent Rules require are detailed disclosures regarding the patentee's infringement claims, including, <u>inter alia</u>, an identification of an accused instrumentality and an identification of each claimed element within that instrumentality. It is not the number of words in the preliminary infringement contentions that is significant; it is the amount of detail contained therein. DataTreasury's Contentions are insufficient.

For the reasons set forth more fully below, SVPCo respectfully requests that this Court order that the Contentions be supplemented and/or amended to comport with the Patent Rules. Moreover, it is imperative that DataTreasury be ordered to revise

---

[4] The deponent, Mr. Henry Farrar, is an executive of The Clearing House Payments Company L.L.C., the successor in interest to SVPCo and the New York Clearing House.

its Contentions promptly because, without Contentions that comply with the Patent Rules, SVPCo has been and continues to be prejudiced both in preparing its claim construction presentation and its noninfringement defenses.

## STATEMENT OF FACTS

On April 10, 2005, DataTreasury served its Contentions. (See Exhibit 1). DTC listed all fifty claims of the '988 patent and all forty-three claims of the '137 patent. The Contentions did not indicate whether DataTreasury's claims were for literal infringement or for infringement under the doctrine of equivalents, as required by P.R. 3-1(d). The Contentions did not provide the priority date DataTreasury believes applies to each asserted claim, as required by P.R. 3-1(e).

DTC's purported contention of infringement with respect to either all or a portion of thirty-four claims in the '988 patent and thirty-one claims in the '137 patent is that "[f]ormal discovery is necessary to determine if SVPC[o] infringes this claim." In addition, for eight claims in the '988 patent and three claims in the '137 patent, DataTreasury's contention is that "DataTreasury currently does not have enough information to show infringement. Infringement will be show [sic] through discovery."

After DataTreasury served its Contentions, it had the opportunity to take "formal discovery" when it deposed Mr. Henry Farrar, an executive of The Clearing House Payments Company L.L.C. Following Mr. Farrar's deposition, DataTreasury provided no new insight into its infringement contentions.

On July 8, 2005, pursuant to this Court's order, SVPCo served its preliminary invalidity contentions. (See Exhibit 3). In its contentions, SVPCo explicitly noted that "DTC's Contentions do not comply with P.R. 3-1," by failing to: (1) identify

an accused instrumentality for most of the claims listed in the Contentions; and (2) provide specific identification as to "where each element of each listed claim is found in the 'accused instrumentality.'" SVPCo "reserve[d] the right . . . to file a motion with the Court seeking more detailed and meaningful infringement contentions from DTC."

Also on July 8, 2005, DTC had another chance at "[f]ormal discovery" when it received from SVPCo approximately 53,000 pages of SVPCo documents. Following SVPCo's document production, DTC provided no new insight into its infringement contentions.

In a letter dated November 19, 2005, SVPCo asked DataTreasury to provide a written response to the deficiencies in the Contentions, which SVPCo outlined in detail. (See Exhibit 4). DataTreasury declined to provide a written response. Instead, the parties discussed the Contentions during a conference call on December 9, 2005. During that call, DTC for the first time informed SVPCo that, for each claim of the patents-in-suit, DataTreasury's allegation was of literal infringement. DTC also agreed to provide the priority date it claims, which it did on December 23, 2005.

However, the parties could not come to an agreement on the requisite detail and specificity for the Contentions. As a result, SVPCo makes this application to the Court.

ARGUMENT

To prove literal infringement of the asserted claims, DataTreasury has the burden of showing "that the accused device contains every limitation in the asserted claims." Mas-Hamilton Group v. LaGard, Inc., 156 F.3d 1206, 1211 (Fed. Cir. 1998)

(citations omitted); see also Novartis Corp. v. Ben Venue Labs., 271 F.3d 1043, 1046 (Fed. Cir. 2001) ("[T]he ultimate burden of proving infringement rests with the patentee . . . ."). This District's Patent Rules require that DataTreasury reveal the bases for its contentions that each claim limitation is literally infringed by SVPCo, and there are "high expectations" placed upon DataTreasury to provide sufficiently detailed preliminary infringement contentions, even before discovery. See Connectel, LLC v. Cisco Sys., Inc., 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005) (quoting Am. Video Graphics, L.P. v. Elec. Arts, Inc., 359 F. Supp. 2d 558 (E.D. Tex. 2005)). DataTreasury has failed to live up to those expectations, and that failure has hindered SVPCo in defending itself against DataTreasury's claims for infringement.

I.   THIS COURT SHOULD ORDER THAT DATATREASURY EITHER WITHDRAW OR AMEND THOSE CONTENTIONS FOR WHICH IT HAS NOT IDENTIFIED ANY ACCUSED METHOD OR PROCESS.

As the party asserting infringement, DataTreasury should, at a minimum, identify the SVPCo instrumentality that is the subject of its infringement allegations. P.R. 3-1(b) ("Each [accused] method or process [must] be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process."). The Contentions do not comply with Rule 3-1(b).

In many instances, DataTreasury cannot identify any accused instrumentality at all. With respect to claims 8, 10-15, 18, 20-21, 23-25, 28, 31-36, 47-49 of the '988 patent, and 8, 10-15, 18, 20-21, 23-25, 28, 31-38 of the '137 patent, DataTreasury's sole contention is that:

> Formal discovery is necessary to determine if SVPCo infringes this claim. DataTreasury will amend this aspect of its Preliminary Infringement Contentions if necessary and certainly during completion of its Final Infringement Contentions.

(See also Exhibit 1, Contentions for Claims 37-41, 43-45 of the '988 patent; Claims 39-41 of the '137 patent ("DataTreasury currently does not have enough information to show infringement. Infringement will be show [sic] through discovery.")).

In addition, for a majority of the elements in claims 3, 9, 16-17, 19, 22, 27, 29-30, 42, 46 of the '988 patent, and claims 3, 9, 16-17, 19, 22, 27, 29-30 of the '137 patent, DataTreasury similarly cannot identify an accused instrumentality; instead, DataTreasury contemplates that "[d]eduction" will yield a basis for asserting that SVPCo literally infringes those claim elements.

Finally, in some cases, DataTreasury's Contentions are entirely speculative. Claims 4 and 27 of the patents-in-suit require the capture of images in bitmap format. DataTreasury assumes that those claims are infringed by SVPCo because: (1) "Industry standards would dictate that images are in bitmap format"; (2) SVPCo adheres to the unidentified "industry standards"; and (3) "[f]urther discovery" will reveal a legally cognizable theory of infringement.

Speculation that "[i]nfringement will be show [sic] through discovery" is not sufficient for compliance with Patent Rule 3-1(b), which plainly requires DTC to identify, separately for each asserted claim, "each accused, apparatus, product, device, process, method, act, or other instrumentality." DataTreasury should not be permitted to maintain and conduct discovery regarding infringement claims for which it cannot provide even a minimal amount of information—namely, an allegedly infringing

instrumentality.  See Connectel, 391 F. Supp. 2d at 527 (holding that adherence to the requirements of the Patent Rules serves to "focus[] discovery on building precise final infringement or invalidity contentions and narrow[] issues for Markman, summary judgment, trial, and beyond"); see also Techsearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1369 (Fed. Cir. 2002) (holding that summary judgment of non-infringement can be appropriate "where the patent owner's proof is deficient in meeting an essential part of the legal standard for infringement, because such failure will render all other facts immaterial") (citation omitted).  Particularly in light of the fact that the parties are preparing for the upcoming claim construction hearing, it is critical that DataTreasury be compelled to comply with this District's Patent Rules promptly so that, when the parties make their respective presentations to this Court, those presentations are focused upon the claims for which there is a legally cognizable dispute.  Any additional delay in DataTreasury's compliance with the Patent Rules serves only to interfere with the parties' preparations for the claim construction hearing and handicap SVPCo's ability to develop its noninfringement defenses.

This Court should order DataTreasury to amend its Contentions to comply with the requirements of Rule 3-1(b).  If DataTreasury is unable to identify an accused instrumentality attributable to SVPCo, this Court should order that DataTreasury withdraw those claims.

II.     THE CONTENTIONS LACK MEANINGFUL IDENTIFICATION OF EACH ASSERTED CLAIM ELEMENT AND CLAIM TERM WITHIN THE ACCUSED INSTRUMENTALITY.

The Contentions fail to satisfy P.R. 3-1(c)'s identification requirements. Rule 11 of the Federal Rules of Civil Procedure requires DataTreasury to "apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement . . . ." View Eng'g, Inc. v. Robotic Vision Sys., Inc., 208 F.3d 981, 986 (Fed. Cir. 2000); see also Renesas Tech. Corp. v. Nanya Tech. Corp., No. C03-05709JFHRL, 2004 WL 2600466, at *2 (N.D. Cal. Nov. 10, 2004[5]) ("To satisfy Rule 11 and Patent L.R. 3-1, courts in this district have held that a 'plaintiff [must] compare an accused product to its patents on a claim by claim, element by element basis . . . .") (quoting View Eng'g, 208 F.3d at 986) (alteration in original).

This District's Patent Rules require DataTreasury to reveal its Rule 11, pre-suit investigation after the Initial Case Management Conference. See Connectel, 391 F. Supp. 2d at 528 ("Although these infringement contentions are by their very name preliminary, . . . Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement."); see also Network Caching Tech., LLC v. Novell, Inc., No. C-01-2079-VRW, 2002 WL 32126128, at *4 (N.D. Cal. Aug. 13, 2002) ("Thus, the standard of FRCP 11 pre-filing inquiry establishes a minimum level of detail that Patent LR 3-1 requires."). This Court should order that DataTreasury serve amended Contentions that sufficiently identify where each element of each asserted claim is alleged to be found

---

[5] This Court has previously noted that opinions from the Northern District of California are "persuasive because the relevant portions of the Court's Patent Rule 3-1 are exactly the same as [the Northern District of California's] Patent LR 3-1." STMicroelectronics, Inc. v. Motorola, Inc., 308 F. Supp. 2d 754, 755 n.1 (E.D. Tex. 2004).

within the SVPCo Image Exchange.  See, e.g., Intertrust Techs. Corp. v. Microsoft Corp., No. C 01-1640 SBA, 2003 WL 23120174, at *3 (N.D. Cal. Dec. 1, 2003) (ordering patentee to amend preliminary infringement contentions for a sixth time because "[t]he purpose of Patent Local Rule 3-1 . . . is in fact to be nit picky, to require a plaintiff to crystallize its theory of the case and patent claims").

The patents-in-suit purport to claim a multi-tiered system performing a variety of functions.  (See Exhibits 5 & 6, the '137 patent, col. 1, lines 13-21; the '988 patent, col. 1, lines 6-14, respectively).  However, the Contentions demonstrate that DataTreasury can neither adequately locate many of the claimed "tiers" within the SVPCo Image Exchange, nor adequately describe what parts of the SVPCo Image Exchange perform the claimed functions.  Instead, DataTreasury repeatedly superimposes the claimed functions onto a portion of the SVPCo Image Exchange known as the Distributed Traffic Agent (the "DTA") without any basis for doing so.  In a number of instances, DataTreasury acknowledges that unidentified customers or clients of SVPCo, not SVPCo, actually perform the claimed functions or employ the claimed tiers.  Thus, the Contentions do not coherently disclose what, if any, bases DTC has for believing that the SVPCo Image Exchange literally infringes all ninety-three claims of the patents-in-suit.

The Contentions fail to satisfy P.R. 3-1(c) in at least the following respects.  See Renesas, 2004 WL 2600466, at *5 (holding that "to the extent that [patentee] has not specifically identified where in the product each [patent] claim is located, it should amend its [preliminary infringement contentions] to do so").

Claim 1 of the patents-in-suit purports to claim, inter alia, a number of subsystems, such as "one or more remote data access subsystems"; "at least one imaging subsystem"; and "at least one data access controller." DataTreasury's contention for this portion of claim 1 of the patents-in-suit fails to identify what, if anything, within the SVPCo Image Exchange would literally contain: (1) one or more remote data access subsystems; (2) at least one image subsystem; and (3) at least one data access controller. Instead, DataTreasury merely pulls quotations about the DTA of the SVPCo Image Exchange from public articles. However, the fact that an article from January 2004 entitled "Agent for Change" described the DTA as being "particularly well-suited to banks that have already implemented image capture and back office systems" has no bearing on whether the SVPCo Image Exchange literally contains the claimed elements.[6]

The Method Claims: Claims 26 and 46 of the '988 patent and claims 26 and 43 of the '137 patent are method claims, yet DataTreasury identifies no infringing method allegedly performed by SVPCo. Instead, DataTreasury contends that the claimed "method for central management, storage and verification" (Claim 26 of the '988 patent and claims 26, 43 of the '137 patent), or the "method for transmitting data" (Claim 46 of the '988 patent) is literally infringed by the entire SVPCo Image Exchange. What DataTreasury fails to provide is any basis for concluding that SVPCo's Image Exchange performs all of the claimed functions. With respect to the "transmitting" limitation of claim 46 in the '988 patent, DataTreasury only "deduc[es]" infringement, not by SVPCo, but by unidentified "SVPCo customers." Similarly with the "capturing" limitation in the method claims, it is unclear whether DataTreasury's infringement claims are directed at SVPCo, because DataTreasury refers to "captur[ing] . . . paper transaction data into electronic images" performed not by SVPCo but by unidentified "[c]lients of SVPCo."

---

[6] DataTreasury's Contentions here are very similar to those it initially provided in the First Data litigation, which the Court subsequently ordered DataTreasury to amend. In the First Data litigation, for claim 1 of the '988 patent, DataTreasury similarly stated in conclusory fashion that First Data's products contained "at least one imaging subsystem"; "at least one data access controller"; and "at least one data access controller." However, those claim elements were not specifically identified within First Data's products; DataTreasury merely quoted those limitations in describing First Data's products. Just as this Court ordered DataTreasury to amend its contentions in the First Data litigation, this Court should issue a similar order here. See Connectel, 391 F. Supp. 2d at 528 (holding that preliminary infringement contentions do not pass muster under P.R. 3-1 where they "simply mimick[] the language of the claims").

<u>The "subsystem identification information" claims</u>: Claims 1 and 26 of the '988 patent, and claims 1, 26, 42, and 43 of the '137 patent, contain a limitation regarding "subsystem identification information." DTC has not identified that limitation within the SVPCo Image Exchange.

<u>The "documents and receipts" claims</u>: Claims 1, 26, 42, and 46 of the '988 patent contain the phrase "documents and receipts," but that phrase is not identified within the SVPCo Image Exchange.

<u>The payer bank identification claims</u>: Claims 1 and 26 of the '137 patent refer to "a payer bank's routing number, a payer's account number, a payer's check, a payer bank's draft, a check amount, a payee bank's identification number, a payee bank's routing information, and a payee bank's account number." None of those elements is identified within the SVPCo Image Exchange.

As illustrated above, DataTreasury's Contentions in their current form do not serve the purposes intended by the Patent Rules—"to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." <u>Atmel Corp.</u> v. <u>Info. Storage Devices, Inc.</u>, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998). Without a set of Contentions that complies with the Patent Rules, SVPCo is handicapped in its ability to prepare its noninfringement defenses, and the claim construction hearing in this matter will not be as focused as it should be. SVPCo therefore requests that this Court order DataTreasury to comply with the Patent Rules and supply the requisite specificity and identification in its Contentions.

CONCLUSION

SVPCo respectfully requests that this Court order DataTreasury to amend its Contentions to comply with this District's Patent Rules, and grant any other and further relief this Court deems just and proper.

Dated: January 3, 2006                    Respectfully submitted,

*[signature: P.t W.M.]*

Preston W. McGee
Flowers Davis, P.L.L.C.
1021 ESE Loop 323
Suite 200
Tyler, Texas 75703
(903) 534-8063

Of Counsel:
James H. Carter
James T. Williams
SULLIVAN & CROMWELL LLP

125 Broad Street
New York, New York 10004
(212) 558-4000

Lawrence F. Scinto
Ronald A. Clayton
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112-3801
(212) 218-2254

*Attorneys for Defendant and Counterclaimant Small Value Payments Company*

-14-

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing instrument was served upon all counsel of record in the above entitled and numbered cause on this the 3rd day of January, 2006.

   __X__      Via ECF

| | |
|---|---|
| Ed Hohn<br>D. Neil Smith<br>Nix Patterson & Roach, L.L.P.<br>205 Linda Drive<br>Daingerfield, Texas 75638<br>edhohn@nixlawfirm.com<br>dnsmith@nixlawfirm.com<br>akbruster@nixlawfirm.com<br>benking@nixlawfirm.com<br>moniking@nixlawfirm.com<br>kimgarner@nixlawfirm.com | Rod A. Cooper<br>The Cooper Law Firm<br>545 E. John Carpenter Frwy. Ste. 1460<br>Irving, Texas 75062<br>rcooper@cooperiplaw.com<br>lremmel@cooperiplaw.com<br>mren@cooperiplaw.com<br>datatreasury@cooperiplaw.com |
| Joe Kendall<br>Provost Umphrey, L.L.P.<br>3232 McKinney, Ste. 700<br>Dallas, Texas 75204<br>ikendall@provostumphrey.com<br>krupp@provostumphrey.com | Eric Albritton<br>Albritton Law Firm<br>109 West Tyler Street<br>Longview, Texas 75601<br>eric@albrittonlawfirm.com |

Johnny Ward
The Law Office of T. John Ward, Jr.
P.O. Box 1231
Longview, Texas 75601
jw@jwfirm.com

_____
                          Preston W. McGee

## CERTFICATE OF CONFERENCE

On January 3, 2006, I spoke with Plaintiff's Counsel D. Neil Smith in a good faith attempt to resolve this matter without court intervention. D. Neil Smith confirmed in our conversation that Plaintiff could not agree to this Motion, which is therefore opposed.

*/s/ P.t W.M.*

_____
Preston W. McGee