IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

------------------------------------ x
:
DATATREASURY CORP.,                  :
:
Plaintiff,            :
:   Civil Action No. 2-04CV-85
v.                    :
:   Hon. David J. Folsom
SMALL VALUE PAYMENTS COMPANY,        :
:
Defendant.            :
:
------------------------------------ x

**CLAIM CONSTRUCTION AND PREHEARING STATEMENT
BY DEFENDANT SMALL VALUE PAYMENTS COMPANY**

Pursuant to local Patent Rule 4-3 and the July 27, 2005, Amended Agreed Case Management Order, defendant Small Value Payments Company ("SVPCo")[1] hereby submits its Claim Construction and Prehearing Statement regarding the claims in U.S. Patent Nos. 5,910,988 ("the '988 patent") and 6,032,137 ("the '137 patent"; collectively, the "Patents-in-Suit") asserted by DataTreasury. Although this Court's Order required a joint submission from SVPCo and plaintiff DataTreasury Corporation ("DTC" or "DataTreasury") by January 13, 2006, SVPCo has been unsuccessful, despite numerous attempts via e-mail and telephone, to prepare a joint statement with DataTreasury. SVPCo has also made efforts to contact DataTreasury about the filing of a joint motion for an extension of time, but has not been successful in obtaining a joint motion for extension of time. As a result, SVPCo submits this Statement on its own and makes note of DTC's claim construction positions to the extent such positions are known to SVPCo.

---

[1] In 2004, SVPCo merged with affiliated payments businesses to form The Clearing House Payments Company L.L.C.

Datatreasury Corporation v. Small Value Payments Company                                                          Doc. 27

SVPCo will continue its efforts to contact DataTreasury about the filing of a joint claim construction and prehearing statement and hopes to file such a statement with the Court shortly.

## I.   Preliminary Matters

SVPCo contends that each of claims 1-50 in the '988 patent and claims 1-43 in the '137 patent is invalid under 35 U.S.C. § 112. Each of these claims contains at least one vague and indefinite limitation and/or lacks written description support for all of its limitations. Notwithstanding the claim constructions proffered herein, SVPCo expressly reserves the right to challenge the validity of any or all claims in the Patents-in-Suit on all possible grounds. Likewise, SVPCo does not waive any defense of noninfringement or unenforceability of the Patents-in-Suit.

SVPCo contends that none of the limitations in the asserted claims of the Patents-in Suit are governed by 35 U.S.C. § 112(6).

## II.   Agreed Claim Constructions

Because SVPCo has been unable to confer with DataTreasury to provide this Court with a joint statement, SVPCo attaches hereto as Exhibit 1 DataTreasury's Preliminary Claim Construction and Extrinsic Evidence ("DTC's Preliminary Construction"), which DataTreasury belatedly served on SVPCo on January 3, 2006. As the Court will note, DTC's Preliminary Construction does not comply with P.R. 4-2. Moreover, DataTreasury purports to have accurately described in its Preliminary Construction the claim constructions for the Patents-in-Suit issued by Magistrate Judge Craven in her Report and Recommendation of November 2, 2004, in case numbers 5:02-CV-95; 5:02-CV-124; and 5:03-CV-39 ("Markman Order"). SVPCo does not agree that DataTreasury has done so. SVPCo attaches DTC's Preliminary Construction

only because it has been unable to confer with DataTreasury and prepare a joint statement prior to this Court's due date for that statement.

With the exception of SVPCo's constructions for the claim terms, phrases and clauses set forth in Exhibit 2 (attached), SVPCo agrees that the remaining claim terms, phrases, and clauses should be construed in the same manner as previously construed by the Court in the Markman Order, and SVPCo respectfully refers this Court to the Markman Order for a complete and accurate record of this Court's prior claim constructions. SVPCo's agreement is also limited to the constructions themselves, and not as to whether any given claim term, phrase or clause complies with 35 U.S.C. § 112.

### III. Proposed Constructions of Disputed Claim Terms, Phrases and Clauses

SVPCo's proposed constructions for each disputed claim term, phrase and clause, together with an identification of evidence supporting those proposed constructions, are attached as Exhibit 2. Each identical occurrence in the same patent of a claim term, phrase, or clause construed by SVPCo is intended to receive the same SVPCo construction, unless specifically stated otherwise. SVPCo will continue its attempts to reach agreement on these terms prior to the Claim Construction Hearing.

In addition, SVPCo preliminarily identifies the following extrinsic evidence that it contends supports its claim constructions in Exhibit 2.

1. IBM DICTIONARY OF COMPUTING (10th ed. 1994).
2. MICROSOFT PRESS COMPUTER DICTIONARY (3d ed. 1997).
3. DICTIONARY OF COMPUTERS, DATA PROCESSING & TELECOMMUNICATIONS (1984).
4. DICTIONARY OF INFORMATION TECHNOLOGY (3d ed. 1989).

     5.    DICTIONARY OF COMPUTING: DATA COMMUNICATIONS, HARDWARE AND SOFTWARE BASICS, DIGITAL ELECTRONICS (1982).

     6.    NEW WEBSTER'S COMPREHENSIVE DICTIONARY (1985).

     7.    WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993).

     8.    THE NEW IEEE STANDARD DICTIONARY OF ELECTRICAL AND ELECTRONICS TERMS (5th ed. 1993).

     9.    Plaintiff DataTreasury's Response to Defendants Ingenico's Three Motions for Summary Judgment of Invalidity, including all Declarations and Rebuttal Reports of DataTreasury's Expert John E. Hiles, Case No. 5:02CV95.

     10.    U.S. Patent Appln. No. 09/454,492 (Ballard) prosecution history, including 7/3/2001 Office Action, 1/2/2002 Amendment in Response to the First Office Action, and 4/8/2003 Amendment.

     11.    WO99/11021 prosecution history, including 10/24/2005 Communication.

     12.    DataTreasury-produced documents: FOCO D000970-1043 (DataTreasury Corp. Business Plan, v1.0.4.5, dated January 2000); D059799; D059384; D056177-182; D034206-207 ("E-ZPay Point-of-Sale Solutions"); D043187; D042656; and D014161-185 (DataTreasury Corp.: Review of Business Strategy, dated February 2000).

     SVPCo reserves the right to amend and/or supplement its preliminary claim constructions without prejudice, including in particular any amendment that may be appropriate after DataTreasury adequately identifies the patent claims asserted against SVPCo, or after DataTreasury adequately identifies where each element of each asserted claim is found within each accused SVPCo device (*see* P.R. 3-1). SVPCo also reserves the right to supplement its

preliminary identification of extrinsic evidence, including in particular any supplementation appropriate to support any amendment to its preliminary claim constructions.

IV.  **Anticipated Time for Claim Construction Hearing**

SVPCo anticipates that one (1) day will be necessary for the Claim Construction Hearing.

V.  **Proposed Witnesses**

At this time, SVPCo does not intend to offer any witness for its claim construction case in chief, but does reserve the right to present rebuttal testimony from percipient and/or expert witnesses who would offer testimony to support SVPCo's claim constructions and/or to rebut DataTreasury's claim constructions.

SVPCo reserves the right to rely on the testimony, including deposition testimony, of any witness provided by any other defendant in the companion cases filed by DataTreasury relating to the Patents-in-Suit, including but not limited to the following: (i) J.P. Morgan Chase & Company; JPMorgan Chase Bank; Affiliated Computer Services, Inc.; ACS Image Solutions, Inc. (Civil Action No. 5:02-CV-124); (ii) First Data Corporation and First Data Merchant Services Corp. (Civil Action No. 5:02-CV-094-DF); (iii) TeleCheck Services, Inc. (Civil Action No. 5:02-CV-094); (iv) (Civil Action No. 5:02-CV-124); and (v) Ingenico S.A. and Ingenico, Inc. (Civil Action No. 5:02-CV-095).

VI.  **Other Matters at Issue and Proposed Prehearing Conference Date**

On January 3, 2006, SVPCo filed a motion in this Court to compel DataTreasury to serve amended Preliminary Infringement Contentions that comply with this Court's Patent Rule 3-1. It is imperative that DataTreasury be ordered to revise its Preliminary Infringement

Contentions because, without Contentions that comply with the Patent Rules, SVPCo has been and continues to be prejudiced both in preparing its claim construction presentation and its noninfringement defenses. To the extent that this matter remains unresolved, SVPCo requests that it be taken up at the prehearing conference.

In addition, despite repeated requests, DataTreasury has failed to produce transcripts of testimony provided by the named inventor, Claudio R. Ballard, in related litigation involving the Patents-in-Suit. To the extent that this matter remains unresolved, SVPCo requests that it be taken up at the prehearing conference.

Except as set forth above, SVPCo has no other issues to be addressed by the Court at a prehearing conference at this time.

Respectfully submitted,

Dated: January 13, 2006

*Pst W.M.*

---
Preston W. McGee
FLOWERS DAVIS, P.L.L.C.
1021 ESE Loop 323
Suite 200
Tyler, Texas 75701
Tel: (903) 534-8063
Fax: (903) 534-1650
pmcgee@tyler.net

*Of Counsel:*
James H. Carter
James T. Williams
Jane J. Jaang
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000


Lawrence F. Scinto
Ronald A. Clayton
Stephen E. Belisle
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York  10112-3801
(212) 218-2100

*Attorneys for Defendant and
Counterclaimant Small Value
Payments Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served upon all counsel of record in the above entitled and numbered cause on this the 13th day of January, 2006.

    X       Via ECF

Ed Hohn
D. Neil Smith
Nix Patterson & Roach, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638
edhohn@nixlawfirm.com
dnsmith@nixlawfirm.com
akbruster@nixlawfirm.com
benking@nixlawfirm.com
moniking@nixlawfirm.com
kimgarner@nixlawfirm.com

Rod A. Cooper
The Cooper Law Firm
545 E. John Carpenter Frwy. Ste. 1460
Irving, Texas 75062
rcooper@cooperiplaw.com
lremmel@cooperiplaw.com
mren@cooperiplaw.com
datatreasury@cooperiplaw.com

Joe Kendall
Provost Umphrey, L.L.P.
3232 McKinney, Ste. 700
Dallas, Texas 75204
jkendall@provostumphrey.com
krupp@provostumphrey.com

Eric Albritton
Albritton Law Firm
109 West Tyler Street
Longview, Texas 75601
eric@albrittonlawfirm.com

Johnny Ward
The Law Office of T. John Ward, Jr.
P.O. Box 1231
Longview, Texas 75601
jw@jwfirm.com

*P.T W.M.*