IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORP., <br> *Plaintiff* <br><br> vs. <br><br> SMALL VALUE PAYMENTS COMPANY <br> *Defendant* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. <br> 2:04-CV-85 <br> Hon. David J. Folsom |

**PLAINTIFF DATATREASURY'S RESPONSE TO
DEFENDANT SMALL VALUE PAYMENTS COMPANY'S
MOTION TO COMPEL AMENDED PRELIMINARY
INFRINGEMENT CONTENTIONS**

Plaintiff DataTreasury Corporation ("DataTreasury") files this its Response to Defendant Small Value Payment Company's ("SVPCo") Motion to Compel Amended Preliminary Infringement Contentions and would respectfully show the Court as follows:

I.

Local Patent Rule 3-1

Local Patent Rule 3-1 requires the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" containing (among other things) the following information:

   (a)  Each claim of each patent in suit that is allegedly infringed by each opposing party;
   (b)  Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party **of which the party is aware**. This identification shall be **as specific as possible**. Each product, device, and apparatus must be identified by name or model number, **if known.** Each method or process must be identified by name, **if known**, or by any product, device, or

> apparatus which, when used, allegedly results in the practice of the claimed method or process;
>
> (c)  A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 USC 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function; . . .

See *Local Patent Rule 3-1 (a) – (c)* (emphasis added).

II.

Plaintiff Has Complied With Rule 3-1

On April 10, 2005 DataTreasury first disclosed to SVPCo its Preliminary Infringement Contentions. The contentions fully comply with Rule 3-1 and are attached as Exhibit A. The contentions are in the form of a chart that provides all of the information required by Rule 3-1 as follows:

1. Local Patent Rule 3-1(a) – Each claim of each patent in suit that is allegedly infringed by each opposing party.

The two patents in suit are the '988 and '137 patents. Plaintiff has listed on Exhibit A every claim from the two patents that Plaintiff alleges are infringed by the opposing party. Plaintiff identified the claims by number on the left side column. Therefore, Plaintiff clearly complies with subpart (a) of Rule 3-1.

2. Local Patent Rule 3-1(b) – Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.

Obviously, the local patent rules anticipate that Plaintiff may allege certain claims are infringed, but may not know the exact apparatus that infringes the particular claim. For example, a Plaintiff may have evidentiary support for certain contentions while others are likely to have evidentiary support after further

investigation. Rule 11 and Local Patent Rule 3 allow for such allegations. *See Fed. R. Civ. P. 11* and Local Patent Rule 3. Indeed, Rule 3-1(b) envisions that Plaintiff may allege a claim is infringed even though Plaintiff is not aware of the "accused apparatus, product, device, process, method, act, or other instrumentality" that infringes the claims. *See Local Patent Rule 3-1(b)*. As a result, Rule 3-1 only requires that Plaintiff identify those infringing items "of which the party is aware." *Id.*

3. <u>Local Patent Rule 3-1(b) – This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process.</u>

The rules require that the identification be as specific as possible. Plaintiff's suit centers primarily around Defendant's system called the "SVPCo Image Exchange." Based upon information available at the time these contentions were due, Plaintiff alleged that the SVPCO Image Exchange infringes certain claims from the patents in suit. Plaintiff described the accused instrumentality "as specific as possible." Although the accused instrumentality has no model number, it is described by name as the "SVPCo Image Exchange." Clearly, this is a sufficient identification for Defendant to understand the instrumentality that is alleged to infringe upon the asserted claims.

4. <u>Local Patent Rule 3-1(c) – A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 USC 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.</u>

On many of the asserted claims, Plaintiff has sufficient information to identify specifically where some or all elements of each asserted claim is found within each accused instrumentality. *See '988 Claim Contentions 1-7, 9, 16, 19, 22, 26, 27, 29, 30, 42, 46; See '137 Claim Contentions 1-7, 9, 16, 19, 22, 26, 27, 29, 30, 42, 43.* However, there are claims that Plaintiff has alleged are infringed; but, Plaintiff requires discovery to identify where each element of the claim is found within the accused instrumentality. Significantly, Plaintiff does not contend that any elements are governed by 35 U.S.C. § 112(6). Therefore, the only applicable portion of the above-stated rule is the identification of where each element is found.

Plaintiff has complied with this Rule by providing the information for each asserted claim, if known, at the time the preliminary infringement contentions were due. Significantly, the preliminary contentions were due and were disclosed by Plaintiff on April 10, 2005. In contrast, final infringement contentions are not due until four weeks after the claim construction ruling, the hearing for which has not yet been scheduled. The docket control order anticipates that Plaintiff will file preliminary contentions, discovery will be conducted, and the final infringement contentions will provide greater detail. Local Patent Rule 3-6 specifically states that a party may serve "Final Infringement Contentions" amending its "Preliminary Infringement Contentions," with respect to the information required by Local Patent Rule 3-1(c). *See Local Patent Rule 3-6(a).*

Plaintiff's preliminary contentions are "preliminary" because Plaintiff submitted these contentions before conducting significant discovery. However,

Defendant asks this Court to require Plaintiff to prove its entire case in these preliminary contentions. Defendant's argument for such an interpretation is misguided and without legal merit.

III.

Argument

First, Defendant confuses "preliminary" infringement contentions with "final" infringement contentions. If Defendant's interpretation is accepted, Plaintiff will be required to prove each element of its infringement claims before conducting discovery. Under this approach, Plaintiff would never be permitted the opportunity to conduct discovery on claims it believes to be infringed. However, under Plaintiff's interpretation of Rule 3-1, Plaintiff would be allowed to make allegations with evidentiary support or likely to have evidentiary support after further investigation. *See Fed. R. Civ. P. 11.* Here, Plaintiff has properly disclosed the claims it contends are infringed and identified where each element of the claim is found within the accused instrumentality, when known. Additionally, Plaintiff has disclosed those claims it contends are infringed even though factual discovery is needed to establish where each element is found. If Plaintiff withheld these contentions, it would be "sandbagging" its position until the deadline for final infringement contentions. Instead, Plaintiff properly disclosed its position in accordance with Rule 3-1.

Secondly, Defendant improperly argues that the preliminary infringement contentions must be constantly updated with every fact that could be "pigeon holed" into each contention. Such an approach would require continued

supplementation of infringement contentions and would render meaningless the distinction between "preliminary" and "final" infringement contentions. Consistent with this reasoning, the Local Patent Rules state that "amendment or modification of the Preliminary or Final Infringement Contentions . . . other than as expressly permitted in P.R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause." *See Local Patent Rule 3-7*. Obviously, the Court does not anticipate constant supplementation to the contention chart with every fact obtained through discovery.

Thirdly, Defendant's reliance on *Connectel, LLC v. Cisco Systems, Inc.* 391 F. Supp. 526(E.D. Tex 2005) is misplaced. In *Connectel*, plaintiff alleged that over 100 products infringed, plaintiff made no reference to a single structure, process, or algorithm, and plaintiff was in the process of receiving software code from the defendant. *Id.* In contrast, Plaintiff has identified the "SVPCo Image Exchange" and, when known, has described the each element of each asserted claim is found within the accused instrumentality. As such, *Connectel* is not analogous to the facts of this case.

IV.

Conclusion

In conclusion, Plaintiff has fully complied with Local Patent Rule 3-1. Therefore, Defendant's Motion to Compel should be denied.

Respectfully submitted,

_____
D. NEIL SMITH

State Bar No. 00797450
EDWARD L. HOHN
Texas Bar No. 09813240
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas  75638
Tel. (903)645-7333; Fax (903)645-4415
edhohn@nixlawfirm.com
dnsmith@nixlawfirm.com

ROD A. COOPER
Texas Bar No. 90001628
**THE COOPER LAW FIRM**
545 E. John Carpenter Freeway,
Suite 1460
Irving, Texas  75062
Tel. (972)831-1188; Fax (972)692-5445
rcooper@cooperiplaw.com

C. CARY PATTERSON
State Bar No. 15587000
ANTHONY BRUSTER
State Bar No. 24036280
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas  75503
Tel. (903)223-3999; Fax (903)223.8520
akbruster@nixlawfirm.com

JOE KENDALL
Texas Bar No. 11260700
KARL RUPP
Texas Bar No. 24035243
**PROVOST UMPHREY, L.L.P.**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Tel. (214)744-3000;
Fax (214) 744-3015
jkendall@provosthumphrey.com

ERIC M. ALBRITTON
Texas Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Tel. (903)757-8449; Fax (903)758-7397

ema@emafirm.com

T. JOHNNY WARD JR.
Texas Bar No. 00794818
**THE LAW OFFICE OF T. JOHN WARD, JR.**
P.O. Box 1231
Longview, Texas 75606
Tel. (903)757-6400;
Fax (903) 757-2323
jw@jwfirm.com

***Counsel for Plaintiff***
***DataTreasury Corporation***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served electronically upon all the following on the 18th day of January, 2006:

>Preston W. McGee
>Flowers Davis, P.L.L.C.
>1021 ESE Loop 323, Suite 200
>Tyler, Texas 75701
>
>Of Counsel:
>James H. Carter
>James T. Williams
>Heather E. Abelson
>SULLIVAN & CROMWELL LLP
>125 Broad Street
>New York, New York 10004
>
>Lawrence F. Scinto
>Ronald A. Clayton
>FITZPATRICK, CELLA, HARPER & SCINTO
>30 Rockefeller Plaza
>New York, New York 10112-3801
>*Attorneys for The Clearing House Payments Company*