IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION | § § § | |
| V. | § | No. 5:02CV95 |
| INGENICO S.A., *d/b/a* GROUPE INGENICO, and INGENICO, INC. | § § § § | |
| DATATREASURY CORPORATION | § § § | |
| V. | § § | No. 5:02CV124 |
| J.P. MORGAN CHASE & CO., J.P. MORGAN CHASE BANK, AFFILIATED COMPUTER SERVICES, INC., and ACS IMAGE SOLUTIONS, INC. | § § § § § § § | |
| DATATREASURY CORPORATION | § § § | |
| V. | § § | No. 5:03CV39 |
| FIRST DATA CORPORATION, FIRST DATA MERCHANT SERVICES CORP., TELECHECK SERVICES, INC. *d/b/a* TELECHECK INTERNATIONAL, INC., and MICROBILT CORPORATION | § § § § § § § | |

## MEMORANDUM ORDER

This Order applies to each of three cases brought by Plaintiff DataTreasury Corporation against several defendants for patent infringement. At issue are U.S. Patent No. 5,910,988 ("the '988 patent") and U.S. Patent No. 6,032,137 ("the '137 patent"). The claim construction aspects of these cases have been divided into two phases – the first phase to determine which, if any, claim terms are to be construed under 35 U.S.C. § 112, ¶ 6, and the second phase to construe any disputed claim terms. The Magistrate Judge in this case has entered her Report and Recommendation ("the Report") in the second phase, construing the disputed claim terms. Before the Court now are the

Objections of Plaintiff DataTreasury and Defendants First Data, J.P. Morgan, and Ingenico to certain recommendations in the Report. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

The Defendants object to the construction of the term "transmit," in all its forms, in the Magistrate Judge's Report and Recommendation. The Magistrate Judge construed the term to mean "the sending of data electronically." The Defendants argue the term, contained in claims 42 and 46 of the '988 patent, should be construed to mean "sending encrypted data electronically." The Defendants rely on the prosecution history, wherein the Applicant amended claims and presented argument in response to a prior art rejection by the Patent Office Examiner. Specifically, the Applicant amended all the independent claims of his application to require the capture of images of paper transactions, and he amended selected claims, but not all claims, to explicitly recite encryption of the data. The Applicant then argued that "none of the cited references disclose, teach or suggest a secure network for processing based on a remote image capture of paper transaction data with encrypted communication between subsystems."

The Defendants argue that, in light of the Applicant's prosecution history statement, all of the independent claims must at least include two limitations: (1) remote capture of an imaged document, and (2) the encryption of that imaged data, even though claims 42 and 46 (unlike claims 1 and 26) do not expressly include the "encryption" limitation. *See* The First Data Defendants' Objection, page 3. The essence of the Defendants argument is that the Applicant disclaimed the ordinary meaning of the term "transmit."

In the context of the '988 patent, the ordinary meaning of the term "transmit" is "the sending of data electronically." The ordinary meaning of the term does not appear to

be disputed, and that meaning plainly does not mandate an encryption requirement. The dispute between the parties is whether the Applicant had disclaimed any aspect of this term during prosecution. In the Report and Recommendation, the Magistrate Judge refused to hold that the Applicant had clearly disavowed the meaning of the "transmit" term.

The Defendants object to the Magistrate Judge's construction, arguing that it is "erroneous" in light of the prosecution history. The Defendants' proposed construction of requiring the "transmit" term to include "encryption" is incorrect for at least two reasons. First, for reasons stated in the Magistrate Judge's earlier report, the Applicant's statement did not amount to a clear disavowal. Second, the Defendants' proposed definition asks the Court to use the prosecution history statement to add a new "encryption" limitation to claims 42 and 46 that otherwise do not recite such a limitation.

The Court agrees with the Magistrate Judge's conclusion that the statement in the prosecution history does not amount to a clear disavowal of the ordinary meaning of the term "transmit." In addition to the reasons cited in the Report and Recommendation, the Court finds the statement in the prosecution history to be a characterization of the prior art rather than a summary statement of limitations that should be found in each and every claim. In view of the amendments made to the claims in that same Response in the prosecution history and the resulting claim language, the Court will not construe the statement as that clear disavowal needed to vary from the ordinary meaning of the disputed term.

The Federal Circuit has held that prosecution history statements cannot be used to add an entirely new limitation to the claim. *Serrano v. Telular Corp.*, 111 F.3d 1578 (Fed. Cir. 1997). In *Serrano*, the patentee distinguished the invention over the submitted

3

prior art by stating that the prior art did not disclose an "automatic send signal means." Although certain claims of the patent at issue required generation of a "send" signal, claim 1 did not recite such a limitation. The *Serrano* court noted that the patentee's statement concerning whether the prior art discloses a "send" signal means was relevant only to those claims which require the generation of such a signal. Because claim 1 did not have the "send" limitation, the Court concluded that the prosecution history statement was not relevant to claim 1. While recognizing that statements in a file history may be used to explain and potentially limit the meaning of claim limitations, the Federal Circuit concluded that there was no basis here for the interpretation argued by Serrano. As such, the *Serrano* court held that the statements in question cannot be used to add a new limitation to the claim.

Like *Serrano*, in this case, only some of the independent claims, namely claims 1 and 26, require the "encryption" limitation at issue. This limitation is conspicuously missing from the other independent claims, claims 42 and 46. As such, under the rationale of *Serrano*, the prosecution history statement is relevant to only those claims that require encryption, namely claims 1 and 26, but not claims 42 and 46. As in *Serrano*, the Court here cannot use the prosecution history statement to add a new "encryption" limitation to those claims that do not otherwise call for it.

Another Federal Circuit case is pertinent to the case at hand. In *Intervet America, Inc. v. Kee-Vet Laboratories, Inc.*, 887 F.2d 1050 (Fed. Cir. 1989), the patent at issue involved a vaccine for a poultry disease. *Id.* at 1051. In that case, the examiner rejected the pending claims because they were not limited to a single vaccination. The examiner noted that a single vaccination limitation would sufficiently distinguish the invention over the prior art. *Id.* at 1053-54. The prosecuting attorney amended three of the claims to

recite "single administration," but did not so amend the remaining claims. *Id.* at 1054. In accompanying remarks, the attorney inaccurately described all the claims as "restricted to a single vaccination scheme." *Id.* Reviewing this prosecution history, the Federal Circuit held that the claims control over a loose remark in the course of prosecution, noting that the claims themselves control and that it is not for the courts to say that they contain limitations which are not in them. *Id.* Likewise, this Court here cannot import the "encryption" limitation, as the Defendants urge, when such a limitation is conspicuously absent from the claims. Accordingly, the Court construes the term "transmit" to mean "the sending of data electronically."

The Defendants have also objected to the Magistrate Judge's construction of the term "verify," arguing that the construction may invite unintended application. The argument essentially is to the effect that the construction given the term by the Magistrate Judge is too broad. The Court agrees with the Magistrate Judge's construction of the term "verify" because it correctly represents the meaning of the term as it is used in the patent specification.

The Federal Circuit case of *Johnson Worldwide Assocs. v. Zebco Corp.*, 175 F.3d 985 (Fed. Cir. 1999) is instructive on this point. In that case, Zebco recognized that the ordinary meaning of the term "heading" connotes only direction, not limited to the direction of the trolling motor. Nevertheless, Zebco argued that the phrase "heading signal" refers only to the direction of the trolling motor. In support of that position, Zebco argued that, throughout the specification and prosecution history of the patent, the term "heading" in the context of the patent was limited to the direction of the trolling motor. The Federal Circuit rejected Zebco's position. First, it pointed out that the patent specification did not recite Zebco's proposed definition with reasonable clarity,

5

deliberateness and precision. The Court then pointed to examples in the patent specification where the term "heading" was used to describe the direction of the boat as well as the direction of the trolling motor. Hence, the specification supported a broader interpretation of the term than was proposed by Zebco.

In this case, the Magistrate Judge has pointed to examples in the patent specification where the term "verify" is used in ways that suggest a broader meaning than that proposed by the Defendants. The specification does not describe with reasonable clarity, deliberateness and precision the definition proposed by the Defendants. Accordingly, the Court agrees with the Magistrate Judge's construction of the term "verify" for the reasons set forth in the Report and Recommendation and in this Order.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

**IT IS SO ORDERED.**

SIGNED this 28th day of February, 2005.

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE