IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORP. | § | |
|          *PLAINTIFF* | § | |
| VS. | § | No.: 2-04-CV- 85 (DF/CC) |
| | § | JURY DEMAND |
| SMALL VALUE PAYMENTS CO. | § | |
| (SVPCo) | § | |
|          *DEFENDANT* | | |

## DATATREASURY CORPORATION'S MOTION TO CONSOLIDATE CLAIM CONSTRUCTION PROCEEDINGS WITH OTHER PENDING ACTION

Plaintiff DataTreasury Corporation ("DataTreasury") brings this Motion to Consolidate Claim Construction Proceedings with Other Pending Action, and would respectfully show this Court as follows:

### I. INTRODUCTION

This Court is very familiar with the DataTreasury patent litigation, having entertained approximately a dozen cases involving the patents owned by DataTreasury. For example, this Court is the only Court in the United States that has issued a *Markman* Order construing the claim terms of U.S. Patents 5,910,988 (the '988 patent) and 6,032,137 (the '137 patent). Moreover, this Court has overseen the resolution of several of the DataTreasury cases, and has entered Consent Judgments reciting findings that the '988 and '137 patents are valid, enforceable and infringed.

Currently, there are two separate cases filed by DataTreasury and pending before this Court that are each in a very similar stage of the litigation through claim construction

proceedings. These two separate but similar actions are: *DataTreasury Corporation vs. Small Value Payments Company (SVPCo)*, Cause No. 2:04CV85; and *DataTreasury Corporation vs. MagTek, Inc f/k/a Mag-Tek, Inc.*, Cause No. 2:03CV459 (collectively referred to as the "Two Subject Cases" herein). DataTreasury respectfully requests the Court to consolidate the Two Subject Cases for a joint claim construction hearing if one is required by the Court. The Two Subject Cases already track for purposes of claim construction briefing. The respective scheduling orders for each case are provided at Exh. A and B. It would be in the interest of judicial economy to have the claim construction proceedings for each of the Two Subject Cases proceed fully in a consolidated fashion. DataTreasury does not suggest consolidation of these cases for discovery, trial, or any other proceedings other than for a claim construction hearing (if required by the Court). DataTreasury's arguments for support of this position are set forth below.

## II.   ARGUMENT

This Court has inherent authority to control its docket and consolidate similar issues in separate pending cases. *See* Fed. R. Civ. Pro. 42(a).[1] In fact, this Court has experience doing exactly what DataTreasury is requesting. In July 2004, the Court held a consolidated *Markman* hearing in the following cases: *DataTreasury Corporation vs. JP Morgan Chase & Company*, Cause No. 5:02CV124; *DataTreasury Corporation vs. Ingenico, SA, et al*, Cause No.5:02CV95; and *DataTreasury Corporation vs. First Data Corporation, et al*, Cause No. 5:03CV39. The Court consolidated those three cases for all of the claim construction briefing

---

[1] Federal Rule of Civil Procedure 42(a) states: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." It is beyond dispute that common questions of law and fact are pending before the Court in the Two Subject Cases, thus the Court has the power to grant the relief requested herein.

and for the claim construction hearing itself, but not for any other purpose.[2] This consolidation allowed the Court to hold only one hearing, and issue only one *Markman* Order addressing all of the terms proposed for construction.

DataTreasury contends that consolidation of the Two Subject Cases would serve the same purposes of this Court's previous *Markman* consolidation; it would conserve judicial resources, and yet still allow for all parties to have their arguments concerning claim term definitions briefed, argued, and decided. The Two Subject Cases are still in the infancy of the claim construction proceedings stage. For example, the Two Subject Cases are approaching the following deadlines:

1. *DataTreasury v. MagTek*, Cause No. 2:03CV459:

    | | |
    |---|---|
    | Patentee files Opening Claim Construction Brief on Claim Construction issues | 1/31/06 |
    | Accused Infringer files Responsive Claim Construction Brief on Claim Construction issues | 2/14/06 |
    | Patentee files Reply Brief | 2/21/06 |

2. *DataTreasury v. SVPCo*, Cause No. 2:04CV85:

    | | |
    |---|---|
    | Patentee files Opening Claim Construction Brief on Claim Construction issues | 1/31/06 |
    | Accused Infringer files Responsive Claim Construction Brief on Claim Construction issues | 2/14/06 |
    | Patentee files Reply Brief | 2/21/06 |

Because the same rationale for the Court's previous consolidation exists in these Two Subject Cases, DataTreasury respectfully requests that the Court consolidate the Two Subject Cases for Claim Construction Proceedings only. DataTreasury has attached as Exh. C a

---

[2] The JP Morgan case settled approximately one year later, and the Ingenico case settled in November 2005. The First Data case is set for trial in July of this year.

proposed Order which sets forth consolidated, identical deadlines for claim construction events which could be entered in both of the Two Subject Cases. These new deadlines exactly track the separate deadlines that exist in each of the Two Subject Cases as set forth above.

### III.   CONCLUSION

WHEREFORE, premises considered, DataTreasury respectfully requests that this Court grant this Motion to Consolidate Claim Construction Proceedings with Other Pending Action, and consolidate the claim construction proceedings only, and no other proceedings, for both of the Two Subject Cases by entering the proposed Order attached as Exhibit C. DataTreasury prays for any further relief to which it may be entitled.

Respectfully Submitted,

_____/s/_____
EDWARD L. HOHN
Texas Bar No. 09813240
edhohn@nixlawfirm.com
D. NEIL SMITH
Texas Bar No. 00797450
dnsmith@nixlawfirm.com
NIX, PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, Texas 75638
Telephone:  903.645.7333
Facsimile:   903.645.4415

C. CARY PATTERSON
Texas Bar No. 15587000
ANTHONY K. BRUSTER
Texas Bar No. 24036280
akbruster@nixlawfirm.com
NIX, PATTERSON & ROACH, LLP
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
Telephone: 903.223.3999
Facsimile:  903.223.8520

JOE KENDALL
Texas Bar No. 11260700
jkendall@provostumphrey.com
KARL RUPP
Texas Bar No. 24035243
krupp@provostumphrey.com
**PROVOST UMPHREY, LLP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: 214.774.3000
Facsimile:  214.744.3015

ROD COOPER
Texas Bar No. 90001628
rcooper@cooperiplaw.com
**THE COOPER LAW FIRM**
545 E. John Carpenter Fwy. Ste 1460
Irving, Texas 75062
Telephone:  972.831.1188
Facsimile:  972.692.5445

ERIC M. ALBRITTON
Texas Bar No. 00790215
ema@emafirm.com
**ALBRITTON LAW FIRM**
P. O. Box 2649
Longview, Texas 75606
Telephone: 903.757.8449
Facsimile:  903.758.7397

T. JOHN WARD, JR.
Texas Bar No. 00794818
jw@jwfirm.com
**LAW OFFICES OF T. JOHN WARD JR**
P. O. Box 1231
Longview, Texas 75606
Telephone: 903.757.6400
Facsimile:  903.757-2323


**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORP.**

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff's counsel has conferred with Defendant's counsel regarding the above Motion to Consolidate, and they indicated that they oppose the filing of such Motion.

/s/
NIX, PATTERSON & ROACH, LLP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 25th day of January, 2006.

| | |
|---|---|
| Preston McGee | pmcgee@tylernet.com |
| SULLIVAN & CROMWELL | |
| James Carter | carterj@sullcrom.com |
| James Williams | williamsj@sullcrom.com |
| Jane Jaang | jaangj@sullcrom.com |
| FITZPATRICK CELLA HARPER & SCINTO | |
| Ronald Clayton | rclayton@fchs.com |
| S. Belisle | sbelisle@fchs.com |

/s/
NIX, PATTERSON & ROACH, LLP