UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DATATREASURY CORP.                              :
                                                :
                        Plaintiff,              :       No. 2-04CV-85
            v.                                  :
                                                :       REPLY BRIEF IN SUPPORT OF
SMALL VALUE PAYMENTS                            :       MOTION TO COMPEL
COMPANY                                         :
                                                :
                        Defendant.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANT SMALL VALUE PAYMENTS COMPANY'S
### REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO COMPEL

COMES NOW Defendant Small Value Payments Company ("SVPCo")

and respectfully submits this reply brief in further support of its motion (the "Motion")

for an order compelling DataTreasury Corporation ("DataTreasury" or "DTC") to serve

Amended Preliminary Infringement Contentions ("Contentions").

PRELIMINARY STATEMENT

As set forth in the Motion, the Contentions fail to satisfy Patent Rule 3-

1(b) (see Motion at 6-9), and Rule 3-1(c) (see id. at 9-12). Instead of supplying the detail

required by the Patent Rules, DataTreasury's Contentions instead express the hope that

"deduction" or "formal discovery" will yield a legally cognizable claim for infringement.

Likewise, DataTreasury's Response to SVPCo's Motion (the "Response") clings to the

erroneous notion that DataTreasury is entitled to maintain claims of literal infringement

for all ninety-three claims in U.S. Patent Nos. 5,910,988 ("the '988 patent") and

6,032,137 ("the '137 patent"; collectively, the "patents-in-suit"), even though

Dockets.Justia.com

DataTreasury concedes that it "is not aware of the 'accused apparatus, product, device, process, method, act, or other instrumentality' that infringes the claims." (Response at 3).

Prior to filing suit, DataTreasury must establish bases for its infringement claims and then disclose those bases in its Contentions. If the Contentions were "[b]ased upon information available at the time [they] were due," then what they reveal is that DataTreasury has no basis for asserting that SVPCo infringes a majority of the claims of the patents-in-suit. (Id. at 3). If DataTreasury does indeed have a basis for asserting that every claim element of the patents-in-suit is literally contained in a device attributable to SVPCo, that basis should have been disclosed in the Contentions and is long overdue.[1]

<u>ARGUMENT</u>

"[T]he patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement." <u>View Eng'g, Inc.</u> v. <u>Robotic Vision Sys., Inc.</u>, 208 F.3d 981, 986 (Fed. Cir. 2000). SVPCo respectfully requests an order directing DTC to respond to SVPCo's challenge that DTC demonstrate how it has concluded that all ninety-three claims of the patents-in-suit are literally infringed.

I. <u>THE CONTENTIONS INEXCUSABLY FAIL TO IDENTIFY ANY ACCUSED METHOD OR PROCESS.</u>

The most basic information DTC should identify about its infringement claims is what product allegedly infringes, <u>see</u> P.R. 3-1(b), yet DTC has been unable to do so throughout this litigation. (<u>See</u> Motion 6-9). In its Complaint, DataTreasury made

---

[1]  SVPCo continues to be prejudiced in its ability to prepare its case and defenses inasmuch as it is still in the dark on the bases for most of DTC's infringement allegations.

no mention of the SVPCo Image Exchange which is cited in the Contentions;[2] instead, DataTreasury referred broadly to SVPCo's "electronic clearing and point-of-sale check-to-debit services." (Complaint ¶ 8). The Contentions do not fare much better than the Complaint in providing detail on DTC's infringement claims and contain no references to the services alleged in the Complaint. In its Response, DataTreasury provides only the following ipse dixit: "Obviously, the local patent rules anticipate that Plaintiff may allege certain claims are infringed, but may not know the exact apparatus that infringes the particular claim." (Response at 2).

Contrary to DataTreasury's position, the Federal Circuit explicitly requires that, prior to filing suit, DataTreasury "apply the claims of each and every patent that is being brought into the lawsuit to an accused device." View Eng'g, 208 F.3d at 986. In applying the Patent Rules, this Court "has never condoned lower standards." Connectel, LLC v. Cisco Sys., Inc., 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005).[3]

Nothing in the Response indicates that DataTreasury has either the ability or intention to identify an accused instrumentality in accordance with Rule 3-1(b). Instead, DTC's Response begs the question—if DTC does not know what allegedly infringes its patent claims, upon what basis can it conclude that the claims have been

---

[2]  The official name of the SVPCo Image Exchange is actually the SVPCo Image Payments Network.

[3]  DataTreasury attempts to distinguish Connectel (Response at 6) on the basis that, in Connectel, there were over 100 allegedly infringing software products, but the patentee's preliminary infringement contentions did "not refer . . . to a single structure, process, algorithm, feature or function of any accused product." Connectel, 391 F. Supp. 2d at 528. While there were more accused products at issue in Connectel, DataTreasury, like the patentee in Connectel, fails to identify any accused instrumentality for a majority of its claims and "provides no explanation of how [the] accused infringing products read on the asserted claim language." Id.

infringed?  DataTreasury has not provided any valid justification for maintaining the Contentions in their current form.

II. THE CONTENTIONS LACK MEANINGFUL IDENTIFICATION OF EACH ASSERTED CLAIM ELEMENT.

The Contentions also fail to comply with the Patent Rules by not demonstrating that key elements from the independent claims of the patents-in-suit are literally found in the allegedly infringing device.  (See Motion at 9-12).  In its Response, DataTreasury: (1) complains that: "Under [SVPCo's approach], Plaintiff would never be permitted the opportunity to conduct discovery . . . ." (Response at 5); and (2) makes much of the difference between "Preliminary" and "Final" (id.).  Neither argument is availing.

DataTreasury may certainly conduct discovery, so long as that discovery has a focus of developing infringement claims for which DataTreasury has an underlying factual predicate.  DataTreasury is not entitled to wield over SVPCo infringement claims for which there is no factual basis, on the hope that discovery may yield some results.[4]

Finally, the Patent Rules do not contemplate that a patentee's "Preliminary" infringement contentions will necessarily be vastly different than the "Final" contentions.  Patent Rule 3-6 envisions that a party's "Preliminary" infringement contentions can be deemed "Final" unless there is a good faith basis for changing the contentions after a claim construction hearing.[5]

---

[4]  The Response entirely ignores the fact that DataTreasury has indeed had extensive discovery, which appears to have added nothing to DataTreasury's infringement contentions.  (Motion at 3-4).

[5]  Similarly, the Patent Rules require good cause for amending preliminary infringement contentions prior to service of final contentions because, contrary to what DataTreasury has served, a patentee's contentions are meant to comply with the Patent Rules in the first instance.

In its Response, DTC attempts to have both sides of the argument by arguing on the one hand that, to the extent the Patent Rules require specificity, that specificity has been provided, but where the Contentions lack specificity, the Patent Rules do not so require. The Patent Rules speak for themselves, and the Contentions do not comply with those Rules.

<u>CONCLUSION</u>

SVPCo respectfully requests that this Court grant the Motion in its entirety, and grant any other and further relief this Court deems just and proper.

Dated: January 30, 2006                    Respectfully submitted,

_____

Preston W. McGee
Flowers Davis, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063

Of Counsel:
James H. Carter
James T. Williams
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Lawrence F. Scinto
Ronald A. Clayton
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112-3801
(212) 218-2254

*Attorneys for Defendant and Counterclaimant Small Value Payments Company*

-5-

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served upon all counsel of record in the above entitled and numbered cause on this the 30th day of January, 2006.

_   X   _        Via ECF

Ed Hohn
D. Neil Smith
Nix Patterson & Roach, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638
edhohn@nixlawfirm.com
dnsmith@nixlawfirm.com
akbruster@nixlawfirm.com
benking@nixlawfirm.com
moniking@nixlawfirm.com
kimgarner@nixlawfirm.com

Rod A. Cooper
The Cooper Law Firm
545 E. John Carpenter Frwy. Ste. 1460
Irving, Texas 75062
rcooper@cooperiplaw.com
lremmel@cooperiplaw.com
mren@cooperiplaw.com
datatreasury@cooperiplaw.com

Joe Kendall
Provost Umphrey, L.L.P.
3232 McKinney, Ste. 700
Dallas, Texas 75204
jkendall@provostumphrey.com
krupp@provostumphrey.com

Eric Albritton
Albritton Law Firm
109 West Tyler Street
Longview, Texas 75601
eric@albrittonlawfirm.com

Johnny Ward
The Law Office of T. John Ward, Jr.
P.O. Box 1231
Longview, Texas 75601
jw@jwfirm.com

_____
Preston W. McGee