IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORP., | ) | |
|     Plaintiff, | ) | |
| vs. | ) | JURY TRIAL DEMAND |
| | ) | |
| MAGTEK, INC., a/k/a MAG-TEK, INC., and | ) | CV No.: 2-O3CV-459 |
| | ) | |
| SMALL VALUE PAYMENTS COMPANY, | ) | CV No.:2:04-CV-85 |
|     Defendants, | ) | |
| | ) | |

**PLAINTIFF'S COMBINED OPENING BRIEF ON CLAIMS CONSTRUCTION REGARDING DEFENDANTS MAGTEK, INC. AND SMALL VALUE PAYMENTS COMPANY**

1

Dockets.Justia.com

## TABLE OF AUTHORITIES

*Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363 (Fed. Cir. 2003)....................................9, 10

*Astrazeneca AB v. Mutual Pharmaceutical Co.* 384 F.3d 1333 (Fed. Cir. 2004).....................6

*Bayer AG. v. Biovail Corp.*, 279 F.3d 1340 (Fed. Cir. 2002).............................................7

*Brookhill –Wilk v. Intuitive Surgical, Inc*, 334 F.3d 1294 (Fed. Cir. 2003)..................9, 10

*Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560 (Fed. Cir. 1988) ....................9

*Cybor Corp. v. FAS Tech.*, 138 F. 3d 1448 (Fed. Cir. 1998) ..............................................9

*DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314 (Fed. Cir. 2001)...............................11

*Digital Biometrics, Inc. v. Identix, Inc.*, 149 F.3d 1335 (Fed. Cir. 1998) ...........................8

*Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*, 114 F.3d 1547 (Fed. Cir. 1997)....................9

*Ecolab, Inc. v. Envirochem, Inc.*, 264 F.3d 1358 (Fed. Cir. 2001).......................................8

*Electro Med. Sys., S.A. v. Cooper Life Sciences, Inc.*, 34 F.3d 1048 (Fed. Cir. 1994) ..........9

*E-Pass Techs., Inc. v. 3 Com Corp.*, 343 F.3d 1364 .........................................................9

*Fantasy Sports Prop. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1118 (Fed. Cir. 2002) . . . . . . . . . . 6

*Generation II Orthotics Inc. v. Medical Tech Inc.*, 263 F.3d 1356 (Fed.Cir. 2001).........................9

*Innova/Purewater, Inc. v. Safari Water Filtration Systems, Inc.*, 381 F.3d 1111
(Fed. Cir. 2004)..............................................................................................................7

*International Visual Corp. v. Crown Metal Mfg. Co.*, 991 F.2d 768 (Fed. Cir. 1993) ......................7

*Johnson Worldwide Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985 (Fed. Cir. 1999) ...................... 8, 10

*Liebel Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 69 U.S.P.Q.2D (BNA) 1801 (Fed. Cir. Feb.
2004)................................................................................................................................9

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967(Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S.

370 (1996) ............................................................................................................................6

*Northern Telecom Ltd. v. Samsung Electronics Co.*, 215 F.3d 1281 (Fed. Cir. 2000) ..................11

*Omega Engineering Inc. v. Raytek Corp.*, 334 F.3d 1314 ............................................................12

*Pall Corp. v. PTI Techs, Inc.*, 259 F.3d 1383 (Fed. Cir. 2001), vacated on other grounds 535 U.S. 1109 (2002) ......................................................................................................................11

*Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561 (Fed. Cir. 1987)..............................6, 7

*Phillips v. AWH Corp.*, 415 F3d 1303, 1312 (Fed Cir. 2005...........................................8, 9

*Quantum Corp. v. Rodime*, 65 F.3d 1577 (Fed. Cir. 1995), *cert. denied*, 116 S.Ct. 1567 (1996) ..............................................................................................................................................7

*Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243 (Fed. Cir. 1998)............................8

*Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336 (Fed. Cir. 2001) .............................................8, 11

*Scripps Clinic v. Genentech, Inc.*, 927 F.2d 1565 (Fed. Cir. 1991) ....................................................8

*SuperGuide Corp. v. DirecTVEnterprises, Inc.*, 358 F. 3d 870 (Fed. Cir. 2004)..............................7

*Teleflex, Inc., v. Ficosa N. Am. Corp.*, 299 F3d 1313, 63 U.S.P.Q.2D (BNA) 1374 (Fed Cir. 2002) ......................................................................................................................9, 10, 11

*Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193 (Fed. Cir. 2002) ..............................7, 11

*Union Oil of California v. Atlantic Richfield Co.*, 208 F.3d 989 (Fed. Cir. 2000)...........................8

*Vanguard Prods. Corp. v. Parker Hannifin Corp.*, 234 F.3d 1370 (Fed. Cir. 2000)......................11

*Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576 (Fed. Cir. 1996) .......................................9, 10

*W.E. Hall Co. v. Atlanta Corrugating, LLC*, 370 F.3d 1343, 71 U.S.Q.P2D (BNA) 1135 (Fed. Cir. 2004) .................................................................................................................. 10

*White v. Dunbar*, 119 U.S. 47 (1886) ...........................................................................................8

*York Prod., Inc. v. Central Tractor Farm & Family Ctr.*, 99 F.3d 1568, 40 U.S.P.Q.2d (BNA) 1619 (Fed. Cir. 1996) ................................................................................................................8

I.   **PROCEDURAL BACKGROUND AND PARTIES POSITIONS**

On July 25, 2005 and July 27, 2005, this Court entered Scheduling Orders for Plaintiff DataTreasury's ("DTC") patent lawsuits against MagTek, Inc. and SVPCO, respectively. A copy of these Scheduling Orders are attached at Exh. A and B, respectively. The dockets for these two actions track identically for purposes of claim construction ("Markman Proceedings").

On January 25, 2006, DTC requested this Court to consolidate any claim construction hearing (if the Court finds it necessary) for consistency in this round of the Markman Proceedings. Consolidation of all Markman Proceedings is proper in view of preserving judicial resources and the parties proposed claim construction. For example, both DTC and Defendant Magtek, Inc. agree on all claims previously construed by this Court. DTC and Defendant MagTek, Inc. differ only as to the construction of the term "image."

It is for the above reasons DTC filed a combined opening brief on claim construction in the above referenced causes of action.

II.   **INTRODUCTION TO PROCEEDINGS**

This is an action for patent infringement. Plaintiff DTC alleges that services, and products made, sold, offered for sale and used respectively by the Defendants infringe (directly or indirectly) numerous claims of DTC's United States Patent No. 5,910,988 ("the '988 Patent") (Exh. C) and United States Patent No. 6,032,137 ("the '137 Patent") (Exh. D). The '988 Patent contains claims to an invention regarding a system for capturing images of paper transactions and data from these paper transactions. In one aspect of the invention, the image and data of the paper transaction are transmitted across a communication network to a central processing facility where

various activities can be performed. The '137 Patent derives from a continuation application of the '988 Patent application and includes a terminal disclaimer. The '137 Patent is a more narrow version of the '988 Patent wherein the paper transaction is specifically a check. In the '988 patent, paper transaction can be a check or other types of financial documents. The claimed system in the '988 and '137 Patents provide numerous advantages, including reliability, security, fault tolerance and high performance at a low cost.

The '988 and '137 Patents involve ninety-three (93) claims representing DataTreasury's inventive property. The specifications in the '988 and '137 Patents are similar except the '137 Patent specification includes an additional figure (Figure 11). Since May of 2002, these Patents and their ninety-three claims have been the subject of intensive examination by this Court. More specifically, this Court conducted a bifurcated Markman Proceedings to construe the patents claims. The first prong addressed the issue of whether the claims were to be construed as "means for" under 35 U.S.C. §112 ¶ 6. The second prong addressed all remaining claim construction issues. In conducting the Markman Proceedings (Phase 1 and Phase 2), the Court appointed a Technical Master. On February 19, 2004, this Court rendered Phase 1 of its Markman Order addressing all 35 U.S.C. §112 ¶6 issues. A copy of this Order is attached as Exh. E. Approximately one year later, this Court rendered Phase 2 of its Markman Order and addressed all remaining claim construction issues. A copy of this Report and Recommendation of the United States Magistrate is attached as Exh. F, along with Judge Folsom's Order adopting all aspects of the Report and Recommendation. In Phase 2 of its Markman Order, the Court provided construction for approximately forty (40) terms or phrases.

Having construed the majority of all relevant terms, little remains to be done in this

Markman proceeding or those to follow. DataTreasury recognizes the construction by this Court for all terms previously construed and respectfully requests the Court to construe only the term "image," which has not been previously construed by this Court.

### III.  SUMMARY

Each of the patents in suit involves special purpose software running on general purpose computer hardware and peripherals. It is the operation of the software that converts standard computer equipment and peripherals into a system covered by one or more of the claims in the '988 Patent and '137 Patent. An appropriate construction of the asserted claims thus encompasses any such special purpose software loaded on computer hardware and/or peripherals that is capable of performing the elements of the claim. *See Fantasy Sports Prop. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1118 (Fed. Cir. 2002).

### III.  LEGAL AUTHORITIES

The Court, not the jury, determines claim construction. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (*en banc*) (The construction of patent claims is determined as a matter of law), *aff'd*, 517 U.S. 370 (1996). Claim construction is simply a process to provide understanding to the scope of the claimed invention. *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1576 (Fed. Cir. 1987). This Court has properly identified "[t]he goal of claim construction is to determine what an ordinary artisan would deem the invention claimed by the patent, taking the claims together with the rest of the specification." Exh F, Report and Recommendation, p. 2 (citing *Astrazeneca AB v. Mutual Pharmaceutical Co.* 384

F.3d 1333 (Fed. Cir. 2004)). Claim construction is NOT a process to change the scope of the claims. *Panduit* at 1576. ("The construction of claims is simply a way of elaborating the normally terse claim language [] in order to understand and explain, but not to change, the scope of the claims").

The Federal Circuit has repeatedly cautioned that it is improper to use details from the preferred embodiments that appear in the written description of the patent in order to limit the language of the claims that might otherwise have a broader scope. *Innova/Purewater, Inc. v. Safari Water Filtration Systems, Inc.*, 381 F.3d 1111, 1117 (Fed. Cir. 2004) (citations omitted). Indeed, even when a patent describes only one embodiment the claims are not to be read restrictively to cover just that one embodiment unless the patentee clearly intended to limit the claim language to that embodiment by using "words or expressions of manifest exclusion or restriction." *Id.* (citations omitted).

Thus "[it] is well settled that no matter how great the temptations of fairness or policy making, courts do not redraft claims." *Quantum Corp. v. Rodime*, 65 F.3d 1577, 1584 (Fed. Cir. 1995), *cert. denied*, 116 S.Ct. 1567 (1996). The specification "is not a substitute for, nor can it be used to rewrite, the chosen claim language. 'Specifications teach Claims claim.'" *SuperGuide Corp. v. DirecTVEnterprises, Inc.*, 358 F. 3d 870, 875 (Fed. Cir. 2004). Where a specification does not require a limitation, that limitation should not be read from the specification or prosecution history into the claims. *Bayer AG. v. Biovail Corp.*, 279 F.3d 1340, 1348 (Fed. Cir. 2002). Additionally, it is improper to rewrite the claims, either by disregarding words that are present or adding others that are not. *Id.*; *International Visual Corp. v. Crown Metal Mfg. Co.*,

991 F.2d 768, 771-72 (Fed. Cir. 1993) (Words, terms or phrases not present in the claims do not suddenly become claim limitations).

In this Court's Markman Order, the Court instructed "'[w]e first look to the claims themselves and turn next to the written description and prosecution history, which should always be considered to construe the language of the claims.'" Ex F, Report and Recommendation, p. 2. (quoting *Ecolab, Inc. v. Envirochem, Inc.*, 264 F.3d 1358, 1366 (Fed. Cir. 2001). "The analytical focus must begin and remain centered on the language of the claims themselves, for it is that language that the patentee chose to use to 'particularly point[] out and distinctively claim[] the subject matter which the patentee regards as his invention.' 35 U.S.C. § 112, ¶ 2." *Brookhill–Wilk v. Intuitive Surgical, Inc*, 334 F.3d 1294, 1298 (Fed. Cir. 2003); see also *Phillips v. AWH Corp.*, 415 F3d 1303, 1312 (Fed Cir. 2005)(en banc) (quoting *White v. Dunbar*, 119 U.S. 47, 52 (1886) "it is 'unjust to the public, as well as an evasion of the law, to construe it in a manner different from the plain import of its terms'"). "While certain terms may be at the center of the claim construction debate, the context of the surrounding words of the claim also must be considered in determining the ordinary and customary meaning of those terms." *Id.* at 1299. Moreover, unambiguous claim terms <u>need not be construed</u> other than to apply their ordinary meaning <u>using the exact words of the claim</u>. *Digital Biometrics, Inc. v. Identix, Inc.*, 149 F.3d 1335, 1344 (Fed. Cir. 1998) ("The actual words of the claim are the controlling focus.") (emphasis added); *Union Oil of California v. Atlantic Richfield Co.*, 208 F.3d 989, 995 (Fed. Cir. 2000), (quoting *Scripps Clinic v. Genentech, Inc.*, 927 F.2d 1565 (Fed. Cir. 1991); *Johnson Worldwide Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985 (Fed. Cir. 1999); *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1249(Fed. Cir. 1998); *York Prod., Inc. v. Central*

*Tractor Farm & Family Ctr.*, 99 F.3d 1568, 1619 (Fed. Cir. 1996); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576 (Fed. Cir. 1996); *Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*, 114 F.3d 1547 (Fed. Cir. 1997); *Cybor Corp. v. FAS Tech.*, 138 F. 3d 1448 (Fed. Cir. 1998); *Electro Med. Sys., S.A. v. Cooper Life Sciences, Inc.*, 34 F.31048 (Fed. Cir. 1994);*Teleflex, Inc., v. Ficosa N. Am. Corp.*, 299 F3d 1313, 1374 (Fed Cir. 2002);*Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560 (Fed. Cir. 1988); *Generation II Orthotics Inc. v. Medical Tech Inc.*, 263 F.3d 1356 (Fed.Cir. 2001); *Liebel Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 69 U.S.P.Q.2D (BNA) 1801 (Fed. Cir. Feb. 2004); *E-Pass Techs., Inc. v. 3 Com Corp.*, 343 F.3d 1364, 1369 (Fed. Cir. 2003); accord *Brookhill –Wilk v. Intuitive Surgical, Inc*, 334 F.3d 1294, 1300 (Fed. Cir. 2003) (emphasis added).

Thus "the words of a claim are generally given their ordinary and customary meaning." *Phillips v. AWH Co*rp., 415 F3d 1303, 1312 (Fed. Cir. 2005) (citing *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).  And the construing court is to give the claim term[s] its full breadth of ordinary meaning as understood by persons skilled in the relevant art."*Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336 (Fed. Cir. 2001); ( *Teleflex, Inc. v. Ficosa*

---

*North America Corp.*, 299 F.3d 1313, 1325 (Fed. Cir. 2002). Additionally, the full range of the ordinary meaning and accustomed meaning of a disputed claim term is presumed to be correct. See *Johnson Worldwide*, 175 F.3d at 989. This presumption of the disputed claim term receiving its full breadth and ordinary meaning may rarely be overcome. The Federal Circuit outlined three exceptions to overcome the presumption of full breadth and ordinary meaning in *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363 (Fed. Cir. 2003). These exceptions are as follows:

> (1) "the patentee acted as his own lexicographer and <u>clearly</u> set forth a definition of the disputed claim term in either the specification or prosecution history." (*Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1370 (Fed. Cir. 2003) (emphasis added). (See also, *Brookhill –Wilk*, 334 F.3d at 1298--1299)(stating "[t]he presumption will be over come where the patentee, acting as his or her own lexicographer, has <u>clearly set</u> forth a definition of the term different from its ordinary and customary meaning.") (emphasis added). [1]
>
> (2) or "the patentee distinguished that term from prior art on the basis of a particular embodiment, <u>expressly disclaimed subject matter</u>, or described a particular embodiment <u>as important</u> to the invention, *Altiris, Inc. v. Symantec Corp.*, 318 F.3d at 1370, (Fed. Cir. 2003)) (emphasis added) (See also, *Brookhill-Wilk*, 334 F.3d at 1299) (stating "[t]he presumption also will be rebutted if the inventor has disavowed or disclaimed scope of coverage, by using words or expression of manifest exclusion or restriction, representing a clear disavowal of claim scope.")
>
> (3) or "the term 'chosen by the patentee <u>so deprives</u> the claim of clarity' as to require resort to the other intrinsic evidence for a definite meaning. *Altiris Inc.*, at 1370 (emphasis added).

---

[1] An inventor or patentee may impart a novel meaning to a claim term and thereby act as his own lexicographer. However, to do so the inventor must clearly state the special definition of the term in the patent specification or file history. *Vitronics Corp.*, 90 F.3d at 1582; *W.E. Hall Co. v. Atlanta Corrugating,LLC*, 370 F.3d 1343 (Fed. Cir. 2004); See, *Johnson Worldwide Assoc. v. Zebco Corp.*, 175 F.3d 985, 990 (Fed. Cir. 1999) ("by clearly setting forth an explicit definition for a claim term"). Clarity of stating the alternate meaning is paramount for the patentee to act as his own lexicographer and thereby disclaim a term's ordinary and customary meaning–mere ambiguity is not sufficient. Where the written description and prosecution history are ambiguous as to whether the patentee used the claim terms inconsistent with their ordinary and customary meaning, it is the ordinary and customary meaning that the terms obtain. *W.E. Hall Co.*, 370 F.3d 1343 (Fed. Cir. 2004).

Essentially then, "claim terms take on their ordinary and accustomed meanings unless the patentee demonstrated <u>an intent</u> to deviate from [that meaning]." *Teleflex, Inc. v. Ficosa North America Corp.*, 299 F.3d 1313, 1327 (Fed. Cir. 2002) (emphasis added). The Federal Circuit, however, interprets these occurrences strictly and has on numerous occasions reversed the construing court for limiting the full plain and ordinary meaning of a disputed claim term without a clear showing of at least one of three exceptions. For example: [2]

> The Federal Circuit refused to rely on ambiguity surrounding the examiner's silence or patentee's lack of argument during prosecution to construe a claim term. *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1326-27 (Fed. Cir. 2001).
>
> The Federal Circuit refused to limit the ordinary meaning of the claim because the alleged disclaimer in the file wrapper was at best "inconclusive." *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1136, 1347 (Fed. Cir. 2001).
>
> The Federal Circuit found the scope of the disclaimer over the prior art reference was ambiguous and thus remanding for clarification. *Pall Corp. v. PTI Techs, Inc.*, 259 F.3d 1383, 1393-94, (Fed. Cir. 2001), *vacated on other grounds* 535 U.S. 1109 (2002).
>
> The Federal Circuit viewed the inventor's statements as amenable to multiple reasonable interpretations and deemed the remarks so ambiguous that, "[l]ike the district court, we simply can not tell" because the inventor's statement "is far too slender a reed to support the judicial narrowing of a clear claim term." *Northern Telecom Ltd. v. Samsung Electronics Co.*, 215 F.3d 1281, 1294 (Fed. Cir. 2000).
>
> The Federal Circuit refused to narrow the asserted claims based on prosecution disclaimer because "the prosecution history does not support [the infringer]'s argument that the Vanguard inventors 'expressly disclaimed' claim scope beyond [the ordinary meaning]." *Vanguard Prods. Corp. v. Parker Hannifin Corp.*, 234 F.3d 1370, 1372 (Fed. Cir. 2000).

---

[2] For brevity sake, Plaintiff DTC presents only a few of these cases since 2000. By no means, is this list exhaustive.

Thus the law can not be clearer, any allegedly disavowed statements by the inventor must "be <u>both so clear as to show reasonable clarity and deliberateness</u> (citation omitted) and <u>so unmistakable as to be unambiguous evidence of disclaimer</u>." *Omega Engineering Inc. v. Raytek Corp.*, 334 F.3d 1314, 1325 (citation omitted) (emphasis added).

### IV.   THE PROPER CONSTRUCTION OF THE TERM IMAGE

Plaintiff DataTreasury offers the following construction for the term "image." The term image is found in claims 26-41, and 46-50 in the '988 patent and claims 26-41, and 43 in the '137 Patent. The construction DTC sets forth shall have similar meanings in the claims of both the '988 Patent and '137 Patent unless stated otherwise. For purposes of these Markman Proceedings, the term image should be construed to mean

> "An optically or electronically formed representative reproduction of an object, for example, an optical reproduction formed by a lens or mirror or an electro-optical device such as a charge-coupled device (CCD), or other optical system."

The construction is fully supported by the surrounding claim language, specification of the '988 and '137 patents and related file histories. The text surrounding the term image involve "capturing." In the specification of the '988 patent, col. 5 ln. 48-51, it states "[i]n the preferred embodiment, the DAT scanner 202 has the ability to support a full range of images resolution values which are commonly measured in Dots Per Inch (DPI)." This language clearly demonstrates that a scanner is one-type of device for capturing an image but not the only. Additionally, this language demonstrates the flexibility and variability of different types of reproductions of paper transactions. The construction offered by DTC is consistent with the claim language, specification, and file histories. More importantly, a person skilled in the art, Professor

John Hiles, having extensively reviewed the surrounding claim language, specification and file histories interpret the term image in this way. Professor John Hiles Declaration is provided at Exh. G. Additionally, this construction is consistent but narrower than how the term "Image" is defined in the Webster's Third New International Dictionary and the IBM Dictionary of Computing, respectively at Exh. H and I.

## V.   CONCLUSION

Plaintiff DTC has adequately shown that the term image should be construed as above. The construction offered by DTC is supported by and consistent with what a person skilled in the art would understand the term to mean in view of the surrounding claim language, specification and file histories. Professor John Hiles as a person skilled in the art further validates this construction. For these reasons, Plaintiff DTC respectfully requests the Court to enter an order adopting the provided claim construction.

Respectfully submitted,

Rod A. Cooper
State Bar No. 90001628
**THE COOPER LAW FIRM**
545 E. John Carpenter Freeway, Suite 1460
Irving, Texas 75062
972.831.1188; 972.692.5445 (facsimile)
*rcooper@cooperiplaw.com*

Edward L. Hohn
State Bar No. 09813240
Neil Smith
Texas Bar # 00797450
**NIX, PATTERSON & ROACH, LLP**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333; 903.645.4415 (facsimile)
*edhohn@nixlawfirm.com*
*dnsmith@nixlawfirm.com*

Joe Kendall
State Bar No. 11260700
Karl Rupp
State Bar No. 24035243
**PROVOST * UMPHREY**
3232 McKinney, Suite 700
Dallas, Texas 75204
214.744.3000; 214.744.3015 (facsimile)
*jkendall@provostumphrey.com*
*krupp@provostumphrey.com*

T. John Ward, Jr.
State Bar No. 00794818
**LAW OFFICE OF T. JOHN WARD, JR.,**
P.O. Box 1231
Longview, Texas 75606-1231
903.757.6400; 903.758.7397 (facsimile)
*jw@jwfirm.com*

Eric M. Albritton
State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606-2649
903.757.8449; 903.758.7397 (facsimile)
*eric@albrittonlawfirm.com*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S OPENING BRIEF ON CLAIM CONSTRUCTION has been sent electronically to the parties listed below on the 31st day of January, 2006.

David A. Dillard
Charles R. Halloran
Christie, Parker & Hale, LLP
350 W. Colorado Boulevard
Suite 500
Pasadena, California 91105

Otis Carroll
Wesley Hill
Ireland Carroll & Kelley, P.C.
6101 South Broadway
Tyler, Texas 75703

Preston W. McGee
Flowers Davis, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701

Of Counsel:
James H. Carter
James T. Williams
Jane Jaang
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004

Steve Belisle
Ronald A. Clayton
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112-3801
*Attorneys for The Clearing House Payments Company*

_____
Rod Cooper