# EXHIBIT "L"

FILED - CLERK
U.S. DISTRICT COURT

2004 AUG 13 PM 1: 14

TX EASTERN-BEAUMONT

BY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MOTOROLA, INC., § § *Plaintiff*, § § V. § § STMICROELECTRONICS, N.V., § and STMICROELECTRONICS, INC., § § *Defendants*. § | CIVIL ACTION NO. 1:03-CV-407 |

## MEMORANDUM ORDER OVERRULING
## OBJECTIONS TO MAGISTRATE'S ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules for the United States District Court, Eastern District of Texas, Appendix B, the Court heretofore referred this matter to United States Magistrate Judge Wendell C. Radford for consideration of pretrial matters and proceedings. On June 29, 2004, Judge Radford denied the defendants' *Joint Motion to Stay Case. See Order* [Clerk's doc. #89].

The defendants object to Judge Radford's order denying the stay and request reconsideration. *See The ST Parties' Objections to and Motion to Reconsider Magistrate's Order on Defendants' Joint Motion to Stay* [Clerk's doc. #104]. Motorola, Inc., responded with its *Opposition to Defendants STMicroelectronics, Inc.'s and STMicroelectronics, N.V.'s Objections to and Motion to Reconsider Magistrate's Order on Defendant's Joint Motion to Stay* [Clerk's doc. #115].

-1-

Having conducted a *de novo* review, the Court agrees with the magistrate's order denying the *Joint Motion to Stay*. The Court finds that Judge Radford's determination is neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1). The Court therefore **ADOPTS** the *Order on Defendants' Joint Motion to Stay* [Clerk's doc. #89], **OVERRULES** the Defendants' objections, and **DENIES** the request for reconsideration.

It is so ordered.

**SIGNED** at Beaumont, Texas, this ___12th___ day of August, 2004.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

FILED - CLERK
U.S. DISTRICT COURT

2004 JUN 29 AM 11: 52

TX EASTERN-BEAUMONT

BY ___M. Perez___



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| MOTOROLA Inc., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 1:03-CV-0407 |
| | § | |
| STMicroelectronics, N.V. and | § | |
| STMicroelectronics, Inc., | § | |
| *Defendants*. | § | |

### ORDER ON DEFENDANTS' JOINT MOTION TO STAY

Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules for the United States District Court of the Eastern District of Texas, Appendix B, the District Court referred this matter to the undersigned United States Magistrate Judge for consideration and determination of nondispositive

pretrial matters.[1] Pending before the Court is *Defendants STMicroelectronics, N.V.'s and STMicroelectronics, Inc.'s Joint Motion to Stay Case* [Clerk's doc. #65].

A.    **Background**

On July 1, 2003, Plaintiff, Motorola, Inc ("Motorola"), filed this suit alleging patent infringement against the Defendants, STMicroelectronics, N.V. ("ST NV") and STMicroelectronics, Inc. ("ST INC") (collectively the "STMicro Entities"). *See Complaint for Damages and Injunctive Relief* [Clerk's doc. #1]. ST NV filed an answer and counterclaims for declaratory judgment of non-infringement and invalidity. Motorola has since amended its complaint, [Clerk's doc. #34], and ST NV responded with its *First Amended Answer and Counterclaims* [Clerk's doc. #38].

The Defendants have jointly requested that the Court stay this civil action pending the outcome of the reexamination of a patent made the basis of this suit (United States Patent No. 4,446,194, the "Candelaria Patent") by the Patent and Trademark Office ("PTO") and the resolution of Motorola's "contemplated Freescale transaction." *See Joint Motion*, at p.1. Specifically, the ST Entities contend that the PTO's reexamination of the Candelaria Patent may result in a finding that the patent is invalid, thus rendering moot any further litigation on that particular patent.

---

[1] There is conflicting precedent on a magistrate's statutory authority to determine a motion to stay. *Contra Brown v. Witco Corp.*, 340 F.3d 209, 214 (5th Cir. 2003); *Adams v. Georgia Gulf Corp.*, 237 F.3d 538, 539-40 (5th Cir. 2001) (a magistrate has the power to determine a motion to stay); *see Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992) (a magistrate did not have the authority to issue a "final" order staying a prisoner's § 1983 case because such a stay was, in effect, a denial of plaintiff's request for injunctive relief, which is an excepted from the pretrial matters that may be handled by a magistrate.) Accordingly, the undersigned reminds the parties of their right to file objections and to request reconsideration of this order by the District Court. *See* 28 U.S.C. § 636(b)(1)(A). ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.")

Additionally, as the ST Entities point out, Motorola has requested leave to join Freescale, Inc., as a party to this action because Freescale is apparently in the process of being "spun-off" as a separate entity, having previously existing as a wholly owned subsidiary of Motorola. *See Motorola, Inc.'s Motion for Leave to Join Freescale Semiconducter, Inc.*, [Clerk's doc. #60]. During this process, Freescale may retain certain intellectual property rights, including the patents made the basis of this litigation. The Defendants accordingly argue that, pending the resolution of this transaction and the "considerable uncertainty about whether the party claiming rights to certain patents may, in fact, be the party with ownership, or standing to assert them," the entry of a stay would be proper. *See Joint Motion*, at p.2. Finally, they generally argue that the outcome of other litigation involving Motorola and the relevant patents could resolve issues in this proceeding, and thus, the existence of the parallel proceedings strongly favors a stay. *Id.* at 3.

Motorola counters by categorizing the *Joint Motion to Stay* as a tactical move on Defendants' part, motivated by dilatory purpose. *See Motorola, Inc.'s Response to Defendants STMicroelectronics, Inc.'s and STMicroelectronics, N.V.'s Joint Motion to Stay Case* [Clerk's doc. #81]. According to Motorola, the ST Entities were well aware of "at least two of the three references" made the basis of the PTO reexamination request at least nine months prior to filing said request. *See id.* at p.6.

Further, Motorola correctly points out that the *Markman* hearing is currently set, pursuant to court order, for July 8 or 9. *See Order Modifying Scheduling Order* [Clerk's doc. #52]. The parties have also engaged in significant discovery. Accordingly, Motorola contends that a stay

-3-

would be improper at this point because this litigation is not in the "early stages" despite the Defendants' arguments to the contrary. *See Response*, at p.8.

### B. Discussion

In determining whether to stay litigation pending reexamination by the PTO, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Xerox Corp. v. 3Com Corp.*, 69 F.Supp. 2d 404, 406 (W.D.N.Y. 1999)[2].

As for the first factor, the Court finds that a stay would greatly prejudice Motorola. Motorola, as plaintiff, is the master of its claims and the forum in which it chooses to assert those claims. *See Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 545 (5th Cir. 1990); *Aaron v. National Union Fire Ins. Co. of Pittsburgh*, 876 F.2d 1157, 1161 n.7 (5th Cir. 1989). It has chosen which patents are at issue in this proceeding. Notably, the Candelaria patent is not the only one made the basis of this litigation. The Remedi Patent (United States Patent No. 4,758,945) is also at issue, as are certain claims for equitable and injunctive relief. *See First Amended Complaint for Damages and Injunctive Relief* [Clerk's doc. #34]. If the Court stayed this case pending the outcome of the Candelaria Patent, Motorola's other claims would fall to the wayside, in essence having been abated, pending the outcome of the reexamination by the PTO, which could take several months at minimum. *See Xerox,* at 407. Further, there is no guarantee that the reexamination will result in a finding of invalidity of the Candelaria Patent. As such, when the requested stay is lifted,

---

[2] All parties cite the *Xerox* case to this court in support of their respective arguments on the stay issue.

-4-

Motorola may indeed be left in the same position they are on this date, seeking the same remedies, but perhaps having been placed in the dire situation of two "parallel" cases having been adjudicated and a significant period of time having expired.

Additionally, a stay may indeed simplify the issues in question, but could consequently prejudice Motorola. The Court agrees with Motorola that evidence suggests there is some tactical motive behind the Defendants' request for a stay. While the issues surrounding the Candelaria Patent may indeed be resolved while the case is stayed, the Court notes that the Defendants have allegedly waited nine months before filing their request for reexamination and the corresponding motion to stay. The Court notes that a *Markman* hearing is fast-approaching and motions to compel discovery are pending against Defendants. The *Joint Motion to Stay* was coincidentally filed June 4, 2004, in the midst of this case advancing toward a claim construction hearing. Notably, the Defendants have used their *Joint Motion to Stay* as leverage in failing to respond to certain discovery requests. *See STMicroelectronics, N.V.'s Opposition to Motorola, Inc.'s Motion to Compel 30(b)(6) Depositions* [Clerk's doc. #70]. The Court will not permit such attempts to stall this litigation.

As for the final factor, the Court has witnessed the amount of discovery conducted by the parties (and the corresponding discovery disputes) in this litigation. *See* Motorola's *Motion(s) to Compel* and *Defendants' Responses* [Clerk's doc. #s 59, 61, 70, 72]. Further, although the discovery deadline may not expire until October, 2004, the *Markman* hearing is purportedly scheduled on a date less than two weeks from the entry of this order. *See Order Modifying Scheduling Order*. As such, this case is hardly in the "early stages." The Court has indeed set a

trial date and appointed a special master, and the parties have filed their claim construction briefs. Accordingly, the entry of a stay would be both inefficient and inappropriate.

This case does not involve an issue of abstention or decisive matters of law to be adjudicated by another court. *See, e.g., Holden v. Connex-Metaluna Mgmt. Consulting GmbH*, 302 F.3d 358, 363 (5th Cir. 2002). While related matters are indeed pending both on both Judge Davis' and Judge Clark's dockets in this district, the issues in those cases are not such that a complete halt of this civil action is warranted. As discussed *supra*, the prejudice suffered by Motorola greatly outweighs the benefits to be gained from the entry of a stay. Further, the Court is entitled to broad discretion in considering a stay pending the outcome of reexamination proceedings, and is further granted the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (Quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995)); *see also Xerox Corp. v. 3Com Corp.*, 69 F.Supp. 2d 404, 406 (W.D.N.Y. 1999) (Citing *Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed. Cir. 1983), *cert. denied* 464 U.S. 935 (1983).

### C.   Conclusion and Order of the Court

For the reasons stated herein, the Court **ORDERS** that *Defendants STMicroelectronics, N.V.'s and STMicroelectronics, Inc.'s Joint Motion to Stay Case* [Clerk's doc. #65] is **DENIED**. All deadlines previously ordered by the undersigned for the expeditious disposition of this action remain in effect.

SIGNED this 28 day of June, 2004.

WENDELL C. RADFORD
UNITED STATES MAGISTRATE JUDGE